## H. H. HYDE v. THE TERRITORY OF OKLAHOMA.

### (Filed Feb. 11, 1899.)

1. CASE-MADE—*Must Comprise all the Record.* The original case-made in a criminal cause should contain all of the record and proceedings of the trial court necessary to enable the appellate court to truthfully and intelligently review the errors complained of. The court is entitled to the whole of the record relating to alleged errors complained of. whether it be in favor of or against the complaining party.

2. STATUTES—*Criminal Code—Construction.* Section 7, art. 16, ch. 68, Statutes Oklahoma 1893, amendatory of the Criminal Code, and which provides for presenting a cause to the supreme court for review by "case-made," is not an adopted, but an original act, and is a departure in criminal procedure, and should be so construed as to effectuate its purposes; that is, to provide a cheap, speedy, and brief method of taking an appeal, without depriving the appellate court of the power, which has always existed, to require omitted portions of a record to be brought before it by transcript.

3. SAME—*Presumption.* The construction given a similar provision in the Civil Code is not applicable to the Criminal Code, for the reason that in civil causes all presumptions are in favor of the regularity of the procedings in the trial court, and error must be made to affirmatively appear before a cause will be reversed, while in criminal causes the presumptions are in favor of the accused, rather than in favor of the regularity of the proceedings,

and a cause will be reversed unless it affirmatively appears that all things required to be done were regularly done and recorded.

4. APPEAL—*Case-Made—Amendment—Transcript.* Where a case-made in a criminal prosecution fails to embrace all the material parts of the record of the proceedings of the trial court necessary to a proper and intelligent review and disposition of the errors complained of, and it is made to appear to this court that such record actually exists this court will permit the case-made to be supplemented by a transcript of such parts of the record as are omitted, to the end that the whole record upon which the cause is reviewed may be made to disclose the whole truth.

5. RECORD—*Duties of Attorneys.* It is not consonant with sound professional ethics that an attorney of this court should bring up a case upon an abridged record, and then insist upon a reversal of the cause, because of the parts omitted, when he has knowledge of the fact that a truthful and complete record would disclose no grounds for complaint. It is the duty of counsel to see that no falsehood or deception is practiced upon the court, and that the court is properly put in possession of all matters of fact or law, within the knowledge of counsel, which are necessary to a rightful disposition of the matter before it. We deplore that state of professional morals which will prompt an attorney of this court to seek an advantage for his client by an imposition upon the court of a record which discloses apparent errors which do not in fact exist. A proper regard for professional duty would prompt a disclaimer of any such purposes, and a waiver of such apparent errors.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before Jno. L. McAtee, District Judge.*

*Sample & Noah,* for plaintiff in error.

*Harper S. Cunningham, Attorney General,* and *W. J. Roberts, County Attorney,* for defendant in error.

H. H. Hyde was convicted of felonious assault, and brings error. Motion to submit case with transcript of record granted.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error was tried and convicted in the district court of Woods county for the

crime of felonious assault.   From the judgment of conviction he appealed to this court, and presents his case on petition in error and a case-made.   He urges as one of the grounds for reversal of the judgment against him that the record as presented to this court fails to show that he was present in court at various steps during the trial, such as impaneling the jury, return of the verdict, and discharge of the jury.   The question now under consideration is presented by a motion made by counsel for the Territory to supplement the case-made by a transcript of the record of the proceedings in said cause, as is shown by the journals of the trial court.   This motion is accompanied by copies of portions of the journal, which, while in no way contradicting any statement or recital in the case-made, supply the omission in the case-made, and show that the prisoner was present at every step during the trial when his presence was required.   If the case-made is allowed to be supplemented by the transcript, the record as a whole will show that there is no foundation for the contention that the defendant was tried, or that any proceedings were had against him, in his absence. It is contended by counsel for the Territory that the cause should not be decided upon a defective record, and that no injury can be done the plaintiff in error by having the record in this court disclose the whole truth.   On the other hand, counsel for plaintiff in error insist that when the case-made is served, settled, and signed, it becomes conclusive, and it cannot afterwards be amended, supplemented, or in any manner changed.

This is no new question in our civil procedure.   It has been repeatedly and uniformly held, both by this court and by the supreme court of Kansas, that a case-made

cannot be altered, amended, or supplemented after it has been duly served, settled, and signed. (*Lewis v. Linscott*, 37 Kan. 379, 15 Pac. 158; *Railroad Co. v. Anderson*, [Kan. App.] 49 Pac. 108; *Board of Com'rs of Cloud Co. v. Citizens' Nat. Bank of Concordia*, [Kan. App.] 51 Pac. 55; *Lodge v. Furman*, 6 Okla. 649, 52 Pac. 932.)

But the question is a new one in our criminal proceedure, and has not heretofore been passed upon by this court. Our Criminal Code, with a few modifications, was originally adopted from the Dakota statutes. The article on appeals was one of the interpolations, and was probably copied from the Iowa Code. Prior to its amendment, it provided that the plaintiff in error should file with the clerk of the supreme court seven printed abstracts of the record, and the court could, when it deemed it necessary, order up a complete transcript of the entire record. This system was extremely complicated, burdensome, and expensive, and occasioned much dissatisfaction with both bench and bar. To remedy these evils, and provide a more speedy, brief, and less expensive method of perfecting appeals, the legislature, in 1893, amended section 7 of article 16 of chapter 68, entitled "Procedure Criminal," relating to the manner of making a record for appeal in a criminal cause. That portion of the amended section applicable to the question under consideration is as follows:

"A party desiring to have any judgment or order of the district court, or probate court or a judge thereof reversed by the supreme court, may make a case containing a statement of so much of the proceedings and evidence or other matters in the action as may be necessary to present the errors complained of to the supreme court. The case so made, or a copy thereof, shall, within thirty

days after the judgment or order is entered, be served upon the opposite party, or his attorney, who may, within three days thereafter, suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendments shall be and cause it to be attested by the clerk or the probate judge, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. Such original case-made shall be filed with the petition in error. The exceptions stated in a case-made shall have the same effect as if they had been reduced to writing, allowed and signed by the judge at the time they were taken. The court or judge may, upon good cause shown, extend the time for making a case and the time within which the case may be served; and may also direct notice to be given of the time when a case may be presented for settlement after the same has been made and served, and the amendments suggested, which when so made and presented shall be settled, certified and signed by the judge who tried the case; and the case so settled and made shall thereupon be filed with the papers in the cause. And in all causes heretofore or hereafter tried, when the term of office of the trial judge shall have expired, or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired; and if no amendments are suggested by the opposing party, as above provided, said case shall be taken as true and containing a full record of the cause and certified accordingly."

This provision is new in criminal procedure. It is not an adopted statute, as it does not appear in any other criminal code that we have been able to find. It is an original act, and must be construed so as to harmonize with the other provisions of our criminal procedure, and to effectuate the purposes for which it was intended.

The case-made is intended to serve the purpose of both

a bill of exceptions and transcript. Matters of record may be copied into the case, and matters not properly a part of the record may be brought into the record by incorporating them into the case. When the case is made, served, settled, signed, and filed, it should be given the same effect, and entitled to the same credit, as a bill of exceptions. It has always been the rule that, where a transcript failed to embrace all the record necessary to a full presentation of the errors complained of, a writ of *certiorari* would issue to the trial court, to bring up a full and complete record. Is there any reason that this rule should now be changed because of the fact that a different method has been adopted for preserving and completing the record for appeal? Of course, if this question was presented in a civil case, we should regard it as settled, and not open for inquiry. The similar provision in our Civil Code was adopted from Kansas, where the courts of that state had given it a settled construction by a long list of adjudications, and we followed those decisions, and adopted the same construction. But the reasons that exist for the rule adopted in civil causes do not apply to criminal cases. In the trial of a civil case, once jurisdiction of the person and subject-matter is obtained all presumptions are in favor of the regularity of the proceedings, and in the absence of any record an appellate court will presume that all intermediate steps up to final judgment were properly taken, and that the trial court did everything that was necessary to be done to sustain the judgment. In order to avail one's self of any error in the proceedings, it must be made to affirmatively appear by bill of exceptions or case-made that the action complained of was actually not done, or, if done, that it was

not properly done.   No mere omission in the record will be sufficient to base error upon.

In a criminal cause the contrary rule prevails.   The presumptions are in favor of the prisoner, and, in order to a legal conviction, the law requires that he shall be present at every stage during the trial when any proceedings are had or taken affecting his substantial rights, and the law further requires that the record shall affirmatively show his presence in court during his trial.   No presumptions are entertained in favor of the regularity of the proceedings, except in minor details, and in rulings on matters of law only.   The supreme court of the United States, in *Lewis v. U. S.*, 146 U. S. 370, 13 Sup. Ct. 136, approvingly quoted the rule laid down in *Dyson v. State*, 26 Miss. 362, to this effect: "It is a well-settled rule that nothing can be presumed for or against a record except what appears substantially upon its face, so far as reference is had to these indispensable requisites necessary to the validity of the record as a judicial proceeding." These requisites are such as the jurisdiction of the parties and subject-matter, that a cause was made up for trial, that a jury was sworn to try the cause, that a verdict was returned, and judgment rendered, and that the accused was present at each step during the trial of the cause.   The presumption of innocence with which the law surrounds one charged with crime is deemed of sufficient weight to over-balance all presumptions of regularity on the proceedings of the court during his trial, and, if the record of such proceedings omits any of the requisites, such omissions will prove fatal to a judgment of conviction.

There is a conflict of authority as to just what steps may be taken in the absence of one accused of a crime;

and as to what proceedings may be had in his absence we do not here attempt to decide, or express an opinion. Under the practice as it prevailed in this Territory prior to the amendment of 1893, the court had the right at any time to direct the clerk of the trial court to send up a complete transcript, whenever it was necessary to an intelligent determination of the errors complained of.

The provision for making a record for the supreme court by a case-made changes the general rule of practice, and permits the complaining party to prepare his own record, and to present only so much of the proceedings as are necessary to disclose the errors complained of, the only restriction being that he must present all that portion of the record of the proceedings and evidence that may be necessary for a proper review of the errors complained of. He is not required to present a full or complete record, nor is he required to copy pleadings, papers, motions, or journal entries in full, but may present a statement of fact embracing such matters as he desires to present to the appellate court; but in doing this the provision in the statute should never be lost sight of, that "a party may make a case containing a statement of so much of the proceedings and evidence or other matters in the action as may be necessary to present the errors complained of." This provision cannot be held to mean that one may bring up a portion of the record, and omit portions which embrace important requisites, and base an assignment of error upon such omission.

This court cannot adopt such a construction of a practice statute as will enable parties to practice a fraud and deception on the court by bringing up a partial record by case-made in a criminal cause, and then assign error on

the omissions caused by their own acts.    In every case the court is entitled to have the record before it speak the truth, and present the whole truth.    One accused of crime is entitled to every safeguard that the law throws around one in such unfortunate condition, and to have all his rights sacredly guarded; and the courts which are required to pass upon and determine the questions affecting his rights are entitled to be treated with absolute fairness and good faith, and should not countenance any practice which can lead to fraud, deception, or injustice, when it can rightly avoid it.

Nor can we give our approval of the actions of counsel who will make a "case" containing only portions of the record of the trial proceedings, and present same to this court, with an assignment of error based upon that which they have omitted, and which does not speak the whole truth.    Attorneys who practice in this court owe it to the court at all stages of a cause to see that no deceit or imposition is practiced upon the court.    One of the provisions of the oath an attorney is required to take on being admitted to practice before this court is, "That you shall do no falsehood, or consent that any be done in court; and if you know of any you will give knowledge thereof to the judges of the court, or some one of them, that it may be reformed."    One of the means of practicing a falsehood is to conceal or withhold the truth.    The case-made in the case in question, by omitting material averments or portions of the record that it should have contained, presented a falsehood to the court, and, after knowledge of this fact is brought to counsel by the motion to supplement the case-made, they are not acting consistent with professional ethics, or their obligations to the court, in insisting upon a reversal of the judgment based upon such

apparent and not real defects in the proceedings. The copies of journal entries, filed with the motion to amend, show that the defendant was present in court in person and by counsel at every stage of the proceedings, and that these facts appear of record in the court which tried the cause. We know of no rule of law or practice that will be violated by allowing these matters to appear of record in this court. No substantial rights of the accused can be violated. No injustice can be done either the prisoner or the public, by permitting the case-made to be supplemented; while, on the other hand, a rank injustice would be done the taxpayers of Woods county who pay the expenses of this prosecution, by remanding this case for a second trial on account of defects in the case-made, when the record of the court below will supply these defects and prevent such results. The court is entitled to the whole of the record in relation to the errors complained of, whether it be for or against the complaining party.

We therefore hold that whenever a criminal cause is appealed to this court upon a case-made, and the case fails to embrace all the material parts of the records of the trial court necessary to a proper and intelligent disposition of the errors complained of, and it is made to appear to this court that such record actually exists, the court will permit the case-made to be supplemented by a transcript of such parts of the record as are omitted, to the end that the record upon which the case is reviewed may be made to speak the truth. The motion is sustained, and it is ordered that a writ of *certiorari* issue to the clerk of the district court of Woods county, directing him to immediately transmit to this court a complete transcript of all journal entries appearing upon the records of said court

in this cause, and that the same be filed as supplemental to the record in this court.

McAtee, having presided in the court below, not sitting; all the other Justices concurring.