JAMES T. ACKERMAN ET AL. v. AURORA B. ELLIS.

Argued November 2, 1910—Decided April 20, 1911.

1. A nuisance which does damage to land is an injury to the possession thereof, and creates a right of action in favor of the occupant.
2. An agent who carries out the instructions of his principal, knowing that in so doing he will commit a tort, and actuated by a desire to injure the person who will suffer from the wrongful act, cannot escape personal responsibility under cover of his agency.
3. Trees that overhang the premises of another are a nuisance to the extent that their branches spread over such premises, without regard to the insignificance of the injury resulting therefrom.
4. A tenant, in possession of land upon which trees are growing that overhang adjacent premises to the nuisance of the owner thereof, is not responsible to that owner for damages resulting from the nuisance merely because he maintains the demised land in the condition in which it came to him.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and MINTURN.

For the plaintiffs, *James T. Ackerman, pro se.*

For the demurrant, *Michael Dunn.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The declaration in this case contains three counts, and the defendant demurs separately to each of them.

The first count avers that the plaintiffs were lawfully in possession as tenants in common of a certain tract of land in the township of Midland, in the county of Bergen; that the defendant, contriving and wrongfully intending to injure the plaintiffs in their possession, use, occupation and enjoyment of the premises and to render the same barren and unfit for habitation, use, tillage and pasturage, wrongfully and injuriously planted, or caused to be planted, in a careless, negligent and improper manner a great number of poisonous or noxious trees, to wit, thirty-five spruce trees and other poisonous or noxious trees, in a row, so close to the property line of the plaintiffs that the roots, branches, limbs and leaves thereof grow, hang over and fall upon the plaintiffs' premises; whereby the premises are rendered barren, incommodious and unfit for use.   The second count avers that the defendant wrongfully and injuriously maintained, and continues to maintain, similar trees adjacent to the plaintiffs' property line and with like injurious result to plaintiffs' premises. The third count is similar to the second, averring that the defendant maintains trees of the character mentioned so close to the line of the plaintiffs' land as to be a nuisance unless they are so trimmed and curtailed as to prevent them from overhanging or encroaching upon the plaintiffs' premises, and that the defendant neglects to trim and curtail them so as to prevent such encroachment or overhang.

Several grounds of demurrer to the first count are speci-fied.   The first one argued, or rather suggested, in the brief

of counsel, is that the count is defective because it fails to aver that the plaintiffs are the owners of the fee of the land which they claim has been damaged by the wrongful act of the defendant, the injury, it is said, being to the fee and not to the possession. If ownership was necessary to be averred, the statement of the count that the plaintiffs were in possession as *tenants in common* is, we think, a sufficient averment of that fact. It is not necessary, however. A nuisance like a trespass upon land is an injury to the possession and creates a right of action in favor of the occupant. So distinctly is this the fact that the owner of land, which is in the possession of his tenant, is liable to that tenant for a nuisance created by him upon adjacent land which affects injuriously the tenant's leasehold interest. *Alston* v. *Grant, 3 El. & Bl.* 128.

The principal ground of demurrer to this count is that "it fails to state that the defendant had at the time of the planting of the trees any interest whatever in the land upon which they were planted, either as tenant or owner." The argument is that no liability rests upon the defendant to answer for the damage of which the plaintiffs complain unless she had some interest in the land upon which she planted, or caused to be planted, these trees; that if in doing what she did she was acting merely as the agent of the owner or tenant she is not answerable to the plaintiffs for the injury done to their property; and that as the rules of pleading require that everything shall be taken most strongly against the pleader, it must be presumed that she was acting as the agent of the owner or tenant. This argument, however, is based upon an erroneous conception of the law. A person who creates a nuisance, whether on his own land or not, is liable to others for the damage which they sustain by reason of his wrongful act. *East Jersey Water Co.* v. *Bigelow, 31 Vroom* 201, 205. And the liability exists even when in the creation of the nuisance such person is acting not for his own benefit but as the agent of another. *Thompson* v. *Gibson, 7 M. & W.* 456, 460. *A fortiori,* if an agent carries out the instructions of his principal, knowing that in doing so he will commit a tort,

and actuated by a desire to injure the person who will suffer from the wrongful act (as is averred in the count under consideration), he cannot escape personal responsibility under cover of his agency.

This count is attacked also upon the ground that "it is inconsistent with itself, the averments contained therein being repugnant to each other." The pith of this contention is that the averment that spruce trees are poisonous or noxious is false upon its face; that, not being either the one or the other, the further averment that the defendant knew that they had the characteristics specified and intended by planting them to take advantage of their poisonous or noxious qualities to injuriously affect the plaintiffs' land, is self-condemnatory.

The answer to this contention is twofold—*first*, the fact that spruce trees are neither poisonous nor noxious is not so universally known that the court will take judicial notice of it. On the contrary, so far as there is any common knowledge upon the subject, we are inclined to think it is that coniferous trees (including spruce) have a poisonous or noxious affect upon all vegetable growth within the spread of their branches.

In the second place, trees which overhang the premises of another are a nuisance to the extent that their branches extend over such premises and the person over whose land they spread is entitled to his action for damages against the person who is responsible for their presence there. *Wood Nuis.*, § 112; *Cooley Torts (1st ed.)* 567. And this is so without regard to the extent of the damage resulting therefrom, the insignificance of the injury going to the extent of the recovery and not to the right of action. *Cooley Torts, supra.* The right of action in the present case, therefore, depends upon the fact that the trees overhang the plaintiffs' premises, not upon the character of the trees, that being merely an element in determining the amount of the damage sustained by reason of the nuisance. Consequently, the description of the trees as "poisonous or noxious" is mere surplusage and affords no ground for a general demurrer.

The demurrer to the first count will be overruled.

The only ground of demurrer to the second and third counts, which we have found it necessary to consider, is that it does not appear therefrom "that there is any duty imposed upon the defendant to restrain and trim the branches of said trees in order to prevent them from encroaching upon the property of the plaintiffs." The gravamen of this count is that the defendant maintains these trees so close to the plaintiffs' property line as to overhang their land and injure it. Whether she maintains them as owner of the premises, as lessee thereof, or as a mere volunteer, is not stated, the averment being that the single act of maintenance renders her liable. It may fairly be presumed, therefore, in considering these counts, that the defendant maintained, and continues to maintain, these trees as a tenant in the occupation of the land upon which they are growing, and that they were there when she took her lease from its owner, for this satisfies the averment referred to. *Matthews* v. *Bensel*, 22 *Vroom* 30, 33. The question then arises, is a tenant, who is in possession of land upon which trees are growing that overhang adjacent premises to the nuisance of their owner, responsible to that owner merely because she maintains the demised land in the condition in which it came to her? A reference to the case of *Meyer* v. *Harris*, 32 *Vroom* 83, is a sufficient answer to the question. It is held in that case that "A tenant for years is not responsible in damages to a third person for maintaining and keeping in repair upon the demised premises a structure erected thereon by his landlord, prior to the commencement of his term, which operates to the nuisance of such third person."

The demurrer to the second and third counts must be sustained.

As both the plaintiffs and the demurrant have been partially successful, no costs will be awarded to either party.