## L. L. TYER & SON v. WHEELER.

No. 2727.  Opinion Filed June 30, 1913.

Rehearing Denied December 30, 1913.

(135 Pac. 351.)

1.  **APPEAL AND ERROR** — Review — Questions of Fact — Fraud. Fraud is a fact to be established as any other fact, and where a jury has passed upon the question, and there is any evidence in the record reasonably tending to support the verdict, the same will not be disturbed in this court on appeal.

2.    **TRIAL—Instructions—Burden of Proof.**  Instructions examined, and held to correctly state the law applicable to the facts of this case.

3.    **SAME—Refusal of Request.**  Where instructions given fairly contain the substance of an instruction refused, the refusal to give such instruction is not reversible error.
      (Syllabus by Robertson, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by L. L. Tyer & Son against M. Wheeler.  Judgment for defendant, and plaintiffs bring error.  Affirmed.

*H. H. Brown, T. L. Wright,* and *L. G. Shelton,* for plaintiffs in error.

*H. C. Potterf* and *E. A. Walker,* for defendant in error.

Opinion by ROBERTSON, C.  Plaintiffs below sought to recover $2,000 from defendant as commission for the sale of certain real estate in the city of Ardmore.  In their petition they allege that on July 3, 1907, they were in the real estate business, and on said date made and entered into a contract with defendant, whereby they were to have the exclusive sale agency of lot 17, in block 326, in said city of Ardmore; that said contract was to cover a period of three years; that during said time they procured a purchaser for a portion of said property in the persons of Jones Bros., who bought the same and paid $23,000 therefor; that during the life of the contract the remainder of the property was sold for $17,000, making a total of $40,000 received by defendant for said property; that by the terms of said contract they were entitled to $2,000 as commission, for which they prayed judgment.  Defendant filed both a special and a general demurrer to the petition, both of which were overruled, whereupon he answered by general denial, and particularly denied that the contract made July 3, 1907, gave to plaintiffs, or either of them, the exclusive right to sell said property, and denied that plaintiffs were the procuring cause of the sale of said property, or that they had anything to do with the said sale; the defendant, further answering, charged that plaintiffs were guilty of fraud in the procure-

ment of the contract upon which they expect to recover, and allege that originally defendant made a contract with Tyer & Drennan, whereby he rented them a part of the building on said lot and agreed to pay them $500 as commission, provided that they would sell said property for $40,000 cash, in which contract it was specially agreed that said firm did not have the exclusive right to sell said property, but that said defendant at all times reserved the right to sell or otherwise dispose of the same himself; that thereafter the firm of Tyer & Son succeeded to the business of the said Tyer & Drennan, who, as such successor, came to defendant and requested him to carry out with them the terms and conditions of the original contract, and defendant agreed to do so. Defendant charges that, his eyesight being very poor, he could scarcely see to sign his name, and that, depending on the statement of said plaintiffs that they had prepared an exact copy of the original contract, except the change in the names, he signed the same, whereas in truth and in fact the last contract was very different from the original contract, and he, for the reasons aforesaid, signed the same thinking it contained the same terms as the original. No reply was filed to this answer. The cause was tried to a jury, and resulted in a verdict for the defendant and plaintiffs bring this appeal and urge a reversal for that: First, the court erred in giving instruction No. 4 to the jury; second, the court erred in giving instruction No. 7 to the jury; third, the court erred in refusing instruction No. 1, requested by plaintiffs; fourth, the court erred in refusing instruction No. 2, requested by plaintiffs; fifth, the court erred in overruling the motion of plaintiffs for a new trial.

We will consider these alleged errors in their order. Instruction No. 4, given by the court, and to the giving of which plaintiffs object, reads as follows:

"You are instructed that before one employed to negotiate a sale can recover a commission for his services, he must show that he produced the purchaser, and that he was the producing cause of the sale; that is, that the means employed by him and his efforts resulted in the sale, or were such as to find the purchaser with whom the sale was accomplished."

Counsel for plaintiffs insist that there is error in this instruction, for that by its provisions the jury would necessarily have to find that plaintiffs procured the purchaser before they could claim the commission, and that they, having the exclusive agency for the sale of the property, would by said instruction be denied the benefit of their said contract. The defendant in error insists that the above instruction is a correct exposition of the law on the subject, and calls attention to the fact that plaintiffs in objecting to this instruction lose sight of the fact that defendant in his answer specifically charges fraud in the procurement of the contract, and that he yet insists that he at no time ever gave plaintiffs the exclusive agency for the sale of said property, but, on the contrary, retained the right to sell or otherwise dispose of it himself. An examination of the pleadings also shows that the sufficiency of the charge of fraud as set up in defendant's answer was not challenged by motion or demurrer, or objection to the introduction of evidence thereunder. This charge of fraud raised squarely an issue of fact (on the exclusive contract of sale question), to be determined by the jury under proper instructions from the court, and the rule in such case is that, where there is any evidence reasonably tending to support the verdict of the jury, this court will not disturb its finding on appeal. This, we think, effectually disposes of this phase of the case, and establishes as a positive fact the contention of defendant, on issues fairly raised and submitted, that there was no exclusive sale agency contract existing between the parties. Fraud is a fact to be determined by the jury as other questions of fact, and the allegations of fraud in the defendant's answer, unchallenged by motion, demurrer, or other objection, sufficiently raised the issue, which was determined adversely to the plaintiffs' contention, and of that determination they have no right to complain; consequently there was no error in the giving of this instruction. This conclusion also renders it wholly unnecessary to decide whether the contract was or was not one giving the exclusive right of sale of the property to plaintiffs.

It is next urged that the court erred in giving to the jury instruction No. 7 of the general charge. It will be unnecessary

to set out the entire instruction. Counsel insist that the following language therein, to wit:

"But should you believe from a preponderance of the testimony that there was a contract which expressed the purpose and intention of the plaintiff and defendant," etc.

—imposed upon plaintiffs the burden of proving the contract valid, whereas the contract, as pleaded, was presumed to be valid until fraud was shown by the parties denying its validity. By the petition it was alleged that plaintiffs and defendant made a certain contract; the answer denied that such a contract was, in fact, ever made; to enable plaintiffs to recover they were obliged to prove the contract; thus an issue of fact was joined, and the court very properly instructed the jury that in case they found that such a contract was made, and that it expressed the purpose and intention of the parties, and which, among other things, gave plaintiffs the exclusive agency of sale of the property, then and in that case they would be entitled to recover the $2,000 as claimed, but if they found from the evidence that a different state of facts existed, and that the parties prior to the execution of the last contract had agreed among themselves that, if the owner did sell the property while the first contract was in existence, he would be bound to pay them only $500 as a commission, this was all within the issues formed by the pleadings and constituted but simple questions of fact, which the jury were required to answer. The giving of this instruction did not shift the burden in proving or establishing the issues. The plaintiffs were required, under the law, to establish the allegations of their petition by proof to the satisfaction of the jury. These allegations were denied by the answer of the defendant. The court by instruction No. 7 defined these issues. The only objection we can see to this instruction is that it embraces several propositions, and perhaps should have been divided and separately numbered, but no objection in this regard was made by either of the parties, nor can we say that such defect was more detrimental to plaintiffs than to defendant.

The balance of this instruction, to wit:

"You are instructed that if the terms of the contract sued on are ambiguous or uncertain with reference as to whether it was intended to prevent the defendant from exercising the right to sell the property in controversy, then such ambiguous language must be interpreted in the sense in which Wheeler believed at the time he signed the contract that the plaintiff Tyer understood it"

—is certainly unobjectionable to plaintiffs. The instruction, as a whole, under the pleadings and the facts, correctly stated the law applicable, and the objection made against it is without merit.

It is insisted that the court erred in refusing to give instructions Nos. 1 and 2, requested by plaintiffs. We have carefully considered these instructions, and feel that, while they doubtless correctly state the law, yet counsel have no right to complain of the court's action, inasmuch as the substance and essence of these instructions were given the jury by the court in the general charge. *Eisminger v. Beman,* 32 Okla. 818, 124 Pac. 289. Where the instructions, as given, fairly contain the substance of an instruction refused, the refusal of such instruction is not reversible error. *Standifer v. Sullivan,* 30 Okla. 365, 120 Pac. 624; *Nat. Drill & Mfg. Co. v. Davis,* 29 Okla. 625, 120 Pac. 976; *Scott v. Vulcan Iron Wks. Co.,* 31 Okla. 334, 122 Pac. 186; *St. L. & S. F. R. Co. v. Walker,* 31 Okla. 494, 122 Pac. 492. The issues in this case were simple. The court succinctly covered them with instructions fair to both parties, the result of the action was determined by the issues of fact submitted to the jury, and with the finding of the jury on these issues we find no fault.

The judgment should be affirmed.

By the Court: It is so ordered.