## TEXAS CO. v. COLLINS.

No. 2901.   Opinion Filed June 23, 1914.

(141 Pac. 783.)

1. **APPEAL AND ERROR—Verdict—Evidence.** Under the practice in this state, the jury is constituted the triers of the facts, and where its verdict is reasonably supported by the evidence, this court will not weigh the testimony to determine whether or not it would have reached the same conclusion.

2. **NEGLIGENCE — "Actionable Negligence"—Essential Elements.** Where the alleged wrong was not willful and intentional, three elements are essential to constitute actionable negligence: (1) The existence of the duty on the part of the defendant to protect the plaintiff from injury; (2) the failure of the defendant to perform that duty; and (3) an injury to plaintiff resulting from such failure.

3. **MASTER AND SERVANT—Safe Place and Appliances—Duty of Master.** It is the duty of the master to exercise reasonable care and diligence to provide his servant with a reasonably safe place to work, with reasonably safe tools and implements with which to work, and reasonably safe material to work upon, and the failure to discharge such duty renders the master liable for injury resulting therefrom.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Garfield County:*
*Dan Huett, Judge.*

Action by J. W. Collins against the Texas Company. Judgment for the plaintiff, and the defendant brings error. Affirmed.

*F. B. Dillard,* for plaintiff in error.

*Parker & Simons,* for defendant in error.

Opinion by GALBRAITH, C. J. W. Collins commenced this action to recover damages for personal injuries alleged to have been received while an employee of the Texas Company, due to the negligence of said company. It was charged that on the 7th day of September, 1910, Collins, being an employee of the Texas Company, was placed to work on a skeleton platform which was being erected at the base of an oil tank; that this platform was some five or six feet from the ground, and not floored,

but loose boards were placed on the top thereof, and was an unsafe place to work; that he was directed to screw a swedge nipple into the bottom of the steel tank; that in order to properly attach the nipple to the tank it was necessary to use a large wrench; that his foreman furnished him a wrench called a "chain tong"; that this chain tong was old and worn and an unsafe tool, and, while using the same, on account of the defects therein and on account of the insecure and unsafe platform upon which he was compelled to work, he fell from the platform to the ground, striking a board in the framework of the platform, from which he received serious injuries. The answer was a general denial, and the special pleas of contributory negligence and assumption of risk. The cause was tried to the court and a jury, and a judgment rendered in favor of the plaintiff in the sum of $500.

To reverse this judgment the Texas Company has perfected an appeal to this court, and assigned as error: (1) That the judgment is not supported by the evidence, and is contrary to the law; (2) the giving of certain instructions by the court; and (3) the refusal to give certain instructions requested by it.

It is argued with seriousness and elaboration that there is no evidence in the record to support the judgment. It has been time and again held by this court that the jury are the proper triers of the facts, and that in cases depending upon controverted questions of fact, where the evidence reasonably tends to support the finding of the jury, this court will not weigh the evidence in order to determine whether or not it would have made the same finding on the evidence that the jury did. We apprehend that the jury had no difficulty in determining from the testimony in the instant case whether or not the platform, the place the defendant in error was required to work, was a reasonably safe place. The record discloses that the identical "chain tong" that was used by the defendant in error in attempting to tighten the swedge nipple into the tank was exhibited to the jury, and how the accident happened was related in detail. The witness pointed out the defects in the tong, and how the same contributed to the injury, and the jury was able from this testimony to determine

whether or not this was a reasonably safe tool with which to perform the work the defendant was engaged in at the time of the injury. We are convinced from an examination of the record that the jury might have found that the plaintiff in error was not only negligent in failing to provide defendant in error a reasonably safe place to work, but also was negligent in failing to furnish him a reasonably safe tool with which to work, and that the verdict is supported by sufficient evidence.

The trial court also passed upon the sufficiency of this evidence to support the verdict in denying the motion for new trial.

The law of this case is clearly stated by Mr. Justice Williams in rendering the opinion of the court in *Chicago, R. I. & P. Ry. Co. v. Duran,* 38 Okla. 719, 730, 134 Pac. 876, 880, as follows:

" 'To constitute actionable negligence, where the alleged wrong is not willful and intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff resulting from such failure.' *C., R. I. & P. Ry. Co. v. McIntire,* 29 Okla. 797, 119 Pac. 1008. See, also, *St. Louis & S. F. R. Co. v. Lee,* 37 Okla. 545, 132 Pac. 1072 [46 L. R. A. (N. S.) 357]; *Rogers v. Chicago, R. I. & P. Ry. Co.,* 32 Okla. 109, 120 Pac. 1093; *Faurot v. Okla. Wholesale Gro. Co.,* 21 Okla. 104, 95 Pac. 463, 17 L. R. A. (N. S.) 136; *Means v. Southern Cal. Ry. Co.,* 144 Cal. 473, 77 Pac. 1001, 1 Ann. Cas. 206.

"In *Dewey Portland Cement Co. v. Blunt, ante,* 38 Okla. 182, 132 Pac. 659, it is said: 'Defendant earnestly invokes the rule "in case of an accident to an employee the fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employee to establish that the accident was the result of the negligence of the employer." *Neeley v. Southwestern Cotton Seed Oil Co.,* 13 Okla. 356, 75 Pac. 537, 64 L. R. A. (N. S.) 145; *Solts v. Southwestern Cotton Seed Oil Co.,* 28 Okla. 706, 115 Pac. 776; *Phoenix Printing Co. v. Durham,* 32 Okla. 575, 122 Pac. 708, 38 L. R. A. (N. S.) 1191. That this is the general rule cannot be controverted. See, also, to the same effect, *St. Louis & S. F. R. Co. v. Gosnell,* 23 Okla. 588, 101 Pac. 1126, 22 L. R. A. (N. S.) 892. But a master is bound to exercise reasonable care and diligence to provide his servant with a reasonably safe place in which to

work, with reasonably · safe machinery, tools, and implements with which to work, with reasonably safe material upon which to work, and suitable and competent fellow servants.  When the master has so discharged these duties, then at common law the servant assumes all the risks and hazards incident to the particular employment or to the performance of the particular work, including those risks and hazards resulting from negligence and carelessness of his fellow servants.  *Coalgate v. Hurst*, 25 Okla. 588, 107 Pac. 657; *Id.*, 225 U. S. 698, 32 Sup. Ct. 838, 56 L. Ed. 1262.   True, in order for the plaintiff to prevail, there must be evidence tending to show primary negligence or a breach of a duty on the part of the defendant.  *C., R. I. & P. Ry. Co. v. McIntire*, 29 Okla. 797, 119 Pac. 1008, and authorities cited above.' "

Again, we cannot agree with counsel in his criticism of the instructions of the court.   It seems that the instructions complained of, as well as those not complained of, taken as a whole, as they were given to the jury, were a fair statement of the law arising upon the issues made by the pleadings in the cause, as declared in the Duran case, *supra;* and the instructions refused by the court, so far as they correctly stated the rules of law applicable to the case, were covered in the instructions given by the court to the jury, and therefore the refusal to give the requested instructions was not error.  *Chicago, R. I. & P. Ry. Co. v. Baroni*, 32 Okla. 540, 122 Pac. 926.

We conclude that the cause was fairly tried, and that the judgment appealed from should be affirmed.

By the Court:   It is so ordered.