## EDWARD C. PLUME CO. v. BANKSTON.

No. 8251—Opinion Filed July 15, 1919.

(Syllabus by the Court.)

### Appeal and Error—Verdict—Sufficiency of Evidence.

Where the trial court submits to the jury under proper instructions the theories of the case presented by both plaintiff and defendant, and there is sufficient competent evidence to reasonably support the verdict, the finding of the jury is conclusive upon appeal.

Error from County Court, Tulsa County; J. W. Woodford, Judge.

Action by the Edward C. Plume Company against J. H. Bankston. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Hulette F. Aby, William F. Tucker, and Carter Smith, for plaintiff in error.

Warren D. Abbott and Frederick A. Peek, for defendant in error.

PITCHFORD, J. This is an action brought by the plaintiff, the Edward C. Plume Co., against the defendant, J. H. Bankston, in the county court of Tulsa county. Plaintiff alleges that on the 13th of November, 1914, at Tulsa, it and the defendant entered into a contract whereby the plaintiff agreed to furnish to the defendant 12,000 special folders for the price and sum of $240, that it furnished and delivered to the defendant the folders, in compliance with the contract, and that the defendant refused and neglected to make payment for the same. The defendant interposed an answer, denying generally the allegations of the petition, and as a further defense alleged that the folders the plaintiff furnished, pursuant to the contract, were such that the defendant could not use the same in his business, and were wholly worthless to him, as they did not correspond to the sample shown him, and were not the goods contracted for. A verdict was returned in favor of the defendant.

The main error relied upon by the plaintiff for reversal is that the verdict of the jury was contrary to the evidence. There was some evidence tending to prove that the folders were received by the defendant, and a portion of them were used before the plaintiff was notified of any objections by the defendant. Under the evidence in the case, had the verdict been for the plaintiff, the same would not have been disturbed by this court. The weight of the evidence was entirely for the jury; and, where the verdict of a jury is reasonably supported by the evi-

dence, the Supreme Court will not weigh the testimony to determine whether or not it would have reached the same conclusion. Texas Co. v. Collins, 42 Okla. 374, 141 Pac. 783; L. L. Tyer & Son v. Wheeler, 41 Okla. 335, 135 Pac. 351.

The cause was fairly submitted to the jury, evidence was to some extent conflicting; and, while the acts of the defendant in relation to the goods after they were received by him, would, if unexplained, estop him from now setting up the defense he has—that is, he would not be heard to say the plaintiff failed to furnish the quality ordered and at the same time retain the goods and attempt to rescind the contract—he explains this retention by testimony to the effect that Mr. Martin, plaintiff's agent, who originally secured the order, informed the defendant that the folders received were not according to the contract, and further instructed the defendant to hold the same until further orders. There appears to have been no exception to this evidence, nor does the plaintiff deny the authority of the agent in the premises. In looking over the entire record, we confess had we been a member of the jury trying the cause, our verdict might have been different to that rendered, but the rule is established by an unbroken line of decisions of this court that, where the verdict is reasonably supported by the evidence, this court will not weigh the evidence for the purpose of determining whether or not the verdict is against the weight of evidence, as the jury decided the questions submitted adversely to the plaintiff's contention; and, inasmuch as the evidence is such that all reasonable men might not reach the same conclusion, we are of the opinion that the verdict should not be disturbed.

In Bunker v. Harding, 70 Oklahoma, 174 Pac. 749, it is said:

"In a law action, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions presented during the trial, the verdict and finding of the jury are conclusive upon appeal."

To the same effect, see the following Oklahoma decisions: Proctor v. Capps, 67 Oklahoma, 169 Pac. 894; City of Duncan v. Brown, 69 Oklahoma, 172 Pac. 79; Freeman v King, 66 Oklahoma, 168 Pac. 436; Shawnee National Bank v. Pool, 66 Oklahoma, 167 Pac. 994.

The judgment of the trial court is affirmed.

OWEN, C. J., and SHARP, McNEILL, and HIGGINS, JJ., concur.