## TOWN OF JENNINGS v. PAPPENFUSS.

No. 17936. Opinion Filed Jan. 24, 1928.

(Syllabus.)

**1. Appeal and Error—Sufficiency of Evidence Supporting Injunction Against Town Maintaining Nuisance in Manner of Operating Septic Tank.**

In an action by a property owner against a town and its officers to enjoin the officers in maintaining a sewer system and septic tank in close proximity to the residence of plaintiff, where upon the trial of the cause the court finds the maintenance of the sewer system to be a nuisance in that overflow from the septic tank is permitted to flow into a ditch and over the land of plaintiff, and the court finds and adjudges that the nuisance should be abated, and the evidence is sufficient to support the findings of fact, the judgment allowing the injunction must be affirmed.

**2. Appeal and Error—Instructions in Equity Case not Reviewed.**

In cases of purely equitable cognizance, the verdict of a jury is only advisory, and where the court adopts such verdict, instructions given to the jury will not be reviewed upon appeal.

**3. Nuisance—Power of Equity to Abate.**

Courts of equity have power to give relief against either public or private nuisances by compelling the abatement or restraining the continuance of the existing nuisance.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Action by Hulda Pappenfuss against town of Jennings for injunction. Injunction granted. Defendant appeals. Affirmed.

D. L. Clement and Prentiss E. Rowe, for plaintiff in error.

L. V. Orton, for defendant in error.

RILEY, J. Hulda Pappenfuss brought this action below for an injunction to enjoin the plaintiff in error, defendant below, from maintaining a nuisance and to compel it to abate the same. She alleged that the overflow from a septic tank of the town sewer located upon her farm constituted a nuisance; that the town permitted the overflow upon her land and that the odor and stench was of such extent that it was practically impossible to live upon her farm;

that repeated requests to the town officials to abate the same were unavailing, that said condition was detrimental to plaintiff and endangered her comfort, health, and repose. The defendant answers by a general denial. The cause was submitted to a jury under instructions from the court. The jury found the issues in favor of plaintiff. The court found that the town of Jennings has been maintaining a nuisance upon the plaintiff by permitting the overflow from the septic tank to flow into a ditch and over and upon the land of the plaintiff, and adjudged that a permanent injunction be granted the plaintiff against the defendant enjoining it from maintaining a nuisance of the overflow from the septic tank over the lands of the plaintiff, and that defendant proceed at once to abate the nuisance and pay the cost.

On appeal it is urged that the court erred in overruling defendant's demurrer to the evidence of plaintiff. We have reviewed the same and find ample evidence to support the order.

The defendant says that by reason of section 7873, C. O. S. 1921, providing:

"Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance"

—and by reason of the evidence disclosing that the sewer right of way was condemned by the town, that plaintiff cannot maintain the action, in that the sewer system being established and the land condemned by express authority of statute, the sewer system cannot be condemned as a nuisance.

The answer to such an argument is that the sewer system is not condemned as a nuisance, but the manner of maintenance is the thing declared to be a nuisance, just as slaughter houses have been declared to be nuisances by reason of their condition.

It is next said the petition does not contain facts sufficient to constitute a cause of action, and it is admitted this contention is urged for the first time on appeal under authority of Perry v. Snyder, 75 Okla. 24, 181 Pac. 147; Zahn v. Obert, 60 Okla. 118, 159 Pac. 298. We cannot agree.

It is urged the verdict of the jury is not sustained by sufficient evidence, but from our review of the same we hold the evidence sufficient; that the verdict is in accord with the law, and that the court properly refused the peremptory instruction requested by defendant. We find no error in the court's refusal of the offered instruction to the effect that if defendant disclaims

any intention to continue the acts constituting the alleged nuisance and is proceeding with diligence to remedy the situation as speedily as practical, then the jury should find for the defendant, for the reason there was no substantial evidence to support the same. In fact we hold the whole matter to be an action in equity; the jury only acting in an advisory capacity, and the findings of fact and the judgment of the court in nowise dependent upon the jury's verdict nor the instructions given. Barnes v. Lynch, 9 Okla. 11, 59 Pac. 995; Hyde v. Territory, 8 Okla. 59, 59 Pac. 848; Plume Co. v. Bankston. 75 Okla. 157, 182 Pac. 677; Lewis v. Allen, 42 Okla. 584, 142 Pac. 384.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, and HEFNER, JJ., concur. HARRISON and PHELPS, JJ., absent, not participating.

Note.—See under (1) 4 C. J. p. 878, §2853. (2) 4 C. J. p. 1040, §3025; 21 C. J. p. 594, §735; 10 R. C. L. 535. (3) 29 Cyc. p. 122; anno. 33 L. R. A. (N. S.) 475; 40 A. L. R. 1159; 20 R. C. L. p. 472; 3 R. C. L. Supp. p. 1077; 5 R. C. L. Supp. p. 1110; 6 R. C. L. Supp. p. 1217.