MEAD v. VINCENT et ux.

No. 32285.    Oct. 14, 1947.

Rehearing Denied Dec. 16, 1947.

*187 P. 2d 994.*

Victor Mead and Chas. D. Scales, both of Oklahoma City, for plaintiff in error.

James I. Phelps and J. D. Chastain, both of Oklahoma City, for defendants in error.

PER CURIAM. This is an action brought by Emma I. Mead against Louis C. Vincent and Mrs. C. Vincent, for the purpose of abating a nuisance and for the recovery of damages thereby sustained.

Plaintiff in her petition alleges, in substance, that she and the defendants are adjoining landowners; that defendants have growing and are maintaining upon their premises about three or four feet from the boundary line numerous poplar trees; that the roots from said trees have extended into and over her premises; have grown into and clogged her sewer to her inconvenience and damage; that she has on different occasions been required, at some expense, to clean out and extract the roots from the sewer in order to keep the same open. She further alleges that her premises are neatly planted to lawn, flower gardens and shrubs and that the roots from defendants' trees sap the land and extract therefrom the elements necessary to permit the growth of such lawn, flower gardens and shrubs, and that her premises have been considerably damaged thereby. It is further alleged that the invading roots constitute a continual annoyance to her and interfere with her in the use and enjoyment of her premises in such manner as to constitute a nuisance. She prays that defendants be required to abate such nuisance and that she recover her damages thereby sustained.

The trial court sustained a demurrer to the petition and entered judgment in favor of defendants. Plaintiff has appealed and assigns this ruling as error.

It is the theory and contention of defendants that one adjoining owner cannot maintain an action against another because of the intrusion of roots from trees which are not poisonous or noxious in their nature; that the only remedy that the injured party has in such case is to abate the nuisance by cutting the roots of the trees at the boundary line; that plaintiff in her petition fails to allege that the poplar trees complained of are poisonous and noxious in their nature and that she sustained her damages by reason of the poisonous and noxious nature thereof; that the plaintiff, therefore, fails to plead a cause of action and the demurrer to her petition was properly sustained.

This undoubtedly is the theory upon which the trial court reached its conclusion. There are respectable authorities which sustain this contention. The weight of authority, however, is to the contrary. In vol. 2 C.J.S., p. 33, §38, it is said:

"A landowner who sustains injury by the branches or roots of a tree or plant on adjoining land intruding into his domain, regardless of its nonpoisonous character may, without notice, if he has not encouraged the maintenance of such conditions, and with notice if he has, cut off the offending branches or roots at the line. . . . There is some authority that the right to cut off the offending branches or roots is the sole remedy, but it is generally held that, when some actual and sensible damage has been sustained, the injured landowner may maintain an action for the abatement of the nuisance and for damages, despite a former permissive acquiescence. . . ."

In Stevens v Moon, 202 P. 961, the District Court of Appeals of California said:

"Under Civ. Code, sec. 3479, declaring any obstruction of free use of property a nuisance, and Code Civ. Proc. sec. 731, giving an action to a person whose property is injuriously affected or whose personal enjoyment is lessened thereby, a complaint, stating that defendant maintained trees near plaintiff's land which was entered by the roots of the trees, and which was drained of plant food so that plaintiff's trees were stunted in growth, states facts sufficient to constitute a cause of action."

See, also, Gostina v. Ryland (Wash.) 199 P. 298; Shevlin v. Johnston (Cal. App.) 205 P. 1087; Akerman v. Ellis (N.J.L.) 79 Atl. 883; Buckingham v. Elliott, 62 Miss. 296.

The authorities on this question are annotated pro and con in 18 A.L.R. at page 662.

It must be conceded that the authorities are in conflict on this question. Whatever the rule may be in other states, we think it quite clear that under our statute defining nuisance and providing remedies, plaintiff can maintain this action. The allegations of her petition are sufficient to show that the invading roots interfered with her in the use and enjoyment of her premises in such manner as to constitute a nuisance as that term is defined by 50 O.S. 1941 §1, subd. 4. See, also, 76 O.S. 1941 §1.

While under the general rule and under the specific provisions of section 12 of the above title plaintiff undoubtedly had the right to personally abate the nuisance by cutting the roots of the trees at the boundary line, such, however, was not her exclusive remedy. In addition to this remedy under the provisions of section 13, she had the right to institute a civil action for the purpose of abating such niusance, and under the provisions of section 6 she is given the right to resort to the courts for the purpose of recovering such damages as she may have sustained by reason of the existence and maintenance of such nuisance. The contention of defendants that plaintiff is limited to the remedy of personal abatement of the nuisance by cutting the roots at the boundary line cannot be sustained. In Town of Jennings v. Pappenfuss, 129 Okla. 85, 263 P. 456, we held that the courts may compel the abatement of a nuisance as well as restrain its continuance.

It is, of course, true as contended that defendants had the right to plant and grow trees on their premises, but they could not exercise that right in such manner as to invade the rights of plaintiff. As has been well said by the Supreme Court of Mississippi, in the case of Buckingham v. Elliott, supra:

"The trees and their roots are his; he must so restrain his roots as not to work injury to his neighbor; he can enjoy the full advantage of his trees, as we suppose, without permitting them to damage his neighbor; he is not required to destroy them, but only to prevent them from encroaching injuriously upon others. This he is required to do upon the principle embodied in the fundamental maxim, 'So use your own as not to hurt another'."

Defendants in their brief further assert that plaintiff's cause of action is barred by the statute of limitations and that the demurrer was for this reason properly sustained. This contention cannot be sustained. The petition does not show upon its face that plaintiff's cause of action is barred by limitations, but on the contrary shows that the action was filed in time. The petition stated a cause of action. The trial court should have overruled the demurrer. The relief, if any, to which plaintiff is entitled will depend upon the evidence.

The judgment is reversed and the cause remanded, with directions to overrule the demurrer and for further proceedings not inconsistent with the views herein expressed.

HURST, C. J., DAVISON, V.C.J., and RILEY, BAYLESS, and GIBSON, JJ.,

concur. WELCH and ARNOLD, JJ., dissent.