## Keiper v. Yenser

*Arnold Sousa*, for plaintiffs.
*William H. Bayer*, for defendant.

HEIMBACH, P. J., January 23, 1967.—The thrust of plaintiffs' complaint is that roots of a willow tree on defendant's premises have been, for the past five years and upwards, extending into plaintiffs' land and penetrating their sewer line, for which they have incurred repair bills in the amount of $166.07. Plaintiffs seek reimbursement for this amount and our order for the permanent abatement of the root encroachment.

Defendant has filed preliminary objections to the complaint in the nature of a demurrer; in the alternative, laches and the usual claim of an adequate remedy at law.

This brings us to the following question: May we grant the relief plaintiffs seek?

Our research has discovered no case in Pennsylvania where the precise question confronting us has been decided; nor has counsel supplied us any. We have looked to other jurisdictions for aid and have found it.

We note in the case of Shevlin v. Johnston, 56 Cal. App. 563, 205 Pac. 1087, where roots from eucalyptus and cottonwood trees planted on defendant's land extended into plaintiff's land, causing damages to plaintiff's growing crops, the court decreed the nuisance be abated. For precedents, the court cites Stevens v. Moon, 54 Cal. App. 737, 202 Pac. 961; Ackerman v. Ellis, 81 N. J. L. 1, 79 Atl. 883; Buckingham v. Elliott, 62 Miss. 296; 52 Am. Rep. 188;* Brock v. Connecticut & P. R. Co., 35 Vt. 373; Gostina v. Ryland, 116 Wash. 228, 199 Pac. 298. A further citation in support of such decree is Mead v. Vincent, 199 Okl. 508, 187 P. 2d 994.

It is noted that most of the decisions rest on State nuisance statutes. The court, in Gostina v. Ryland,

---

* In the Buckingham v. Elliott case, roots from mulberry trees in defendant's yard protruded into plaintiff's yard, penetrated a well and polluted the water. The court said: "It seems to be settled law that overlaying branches are a nuisance and it must follow that invading roots are".

supra, stated: "Were it not for our statute of nuisances, the respondents herein would not be accorded any judicial relief". The case most cited among authorities denying relief in the present situation is Michalson v. Nutting, 275 Mass. 232, 175 N. E. 490. In this case, roots had extended from a poplar tree, set out on the land of defendants, into plaintiffs' land and had entered and clogged plaintiffs' sewer, so that plaintiffs had been compelled to dig up pipes and remove the roots at some expense. Damages and injunctive relief were sought. The court, in denying the relief prayed for, said, at pages 233-34:

"The neighbor, though without right of appeal to the courts if harm results to him, is nevertheless, not without remedy. His right to cut off the intruding boughs and roots is well recognized. (citing cases) His remedy is in his own hands. The common sense of the common law has recognized that it is wiser to leave the individual to protect himself, if harm results to him from this exercise of another's right to use his property in a reasonable way, than to subject that other to the annoyance, and the public to the burden, of actions at law, which would be likely to be innumerable and, in many instances, purely vexatious". (cases cited).

The statement of Justice Rogers in the early case of Railroad Co. v. Yeiser, 8 Pa. 366, at page 374, suggests a full endorsement of the court's position as stated in Michalson v. Nutting, supra, viz.:

"It is a principle well settled by many adjudicated cases, that an action does not lie for a reasonable use of one's right, though it be to the injury of another. For the lawful use of his own property, a party is not answerable in damages, unless on proof of negligence. . . ."

In Sterling v. Weinstein, (Municipal Court of Appeals for D. C.), 75 A. 2d 144, plaintiff sought dam-

ages and abatement of a nuisance arising out of leaves and buds from defendant's tree branches stopping up his gutters. Justice Hood, in a detailed resume of the various authorities on this subject, said at page 148:

"The simplicity and certainty of the Massachusetts rule appeals to us. It leaves no doubt as to the rights and obligations of the parties. While it places the burden on the owner of land to protect himself by cutting the invading branches and roots, generally that burden is not great. It is of some significance that in this and many other jurisdictions there have been no reported cases involving this question. This would indicate to us that generally these questions between adjoining owners may be adjusted without the aid of courts and that the self-help rule is sufficient.

"We conclude that one whose land is invaded by branches and roots of trees or plants not poisonous or inherently injurious has no cause of action against the owner of such trees or plants, but may protect himself therefrom by cutting them off to the extent that they invade his property".

We are in complete agreement with the pronouncement of the courts in Michalson v. Nutting and Sterling v. Weinstein, supra.

The complaint indicates that the willow tree was on the property prior to defendant's ownership, and the origin of the tree is unknown.

Under §840, Restatement of Torts, plaintiffs are without legal remedy. This section provides:

"Where a natural condition of land causes an invasion of another's interest in the use and enjoyment of other land, the possessor of the land containing the natural condition is not liable for such invasion".

"Comment: a. Natural condition of land. The term 'natural condition' of land means a condition which is not in any way the result of human activity. The term comprehends . . . trees, weeds and other vegetation

on land which has not been made artificially receptive thereto by act of man. . . ."

Since we conclude defendant's preliminary objections in the nature of a demurrer are to be sustained, there is no need to concern ourselves with a discussion of any further reasons.

Wherefore, we enter the following

### ORDER

Now, January 23, 1967, defendant's preliminary objections in the nature of a demurrer to plaintiffs' complaint are sustained and the complaint dismissed. Costs on plaintiffs.