# RICE v. WOOLERY.

No. 2416. Opinion Filed May 27, 1913.

(132 Pac. 817.)

1.  JUDGMENT—Collateral Attack—Service—Recitals. The judgment or decree of a domestic court of general jurisdiction reciting that the defendant was duly served with summons for more than 41 days prior to the date of the trial by publication of the warning order as required by law is conclusive on collateral attack, and cannot be contradicted by extrinsic proof.

2.  **APPEAL AND ERROR—Verdict—Evidence.** The evidence in support of the verdict of a jury on appeal in this court is regarded as true, and the evidence against it is deemed, for sufficient reasons, to have been rejected; and where all of the evidence supporting a verdict, taken together and given all of the presumptions and deductions of which it is reasonably susceptible, is sufficient, and the case is submitted to the jury on instructions unexcepted to, then this court will not go behind the verdict and set it aside, on the ground that the countervailing evidence offered, had it been accepted, would have justified a different one.

3.  **WITNESSES—Contradictory Statements—Admissibility.** The ruling admitting evidence over objection examined, and held not erroneous.

(Syllabus by the Court.)
Williams, J., dissenting.

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by Alice Woolery against Sam Rice. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. T. Wheeler,* for plaintiff in error.
*J. B. Thompson,* for defendant in error.

DUNN, J.  This case presents error from the district court of Garvin county, and was brought against plaintiff in error by Alice Woolery, demanding possession of lots 1 and 2 in block 31, Wynnewood, Okla., and damages for the use thereof. Plaintiff's claim to the property is predicated upon a decree in a divorce action previously tried between herself and one Farris Rice, who was her former husband, and which was tried in the district court of Garvin county. The suit was instituted and proceeded to its final decree as against a nonresident of the state. Sam Rice being found in possession of the property, this action was brought to evict him. The defendant, Sam Rice, who was the father of Farris Rice, the defendant in the divorce action, claimed a half interest in the property by reason of the use by his son of his, Sam's, money in the purchase of the property; the claim being made

that the property was bought under an agreement between them that they should pay for it jointly and occupy it as a home. The defendant in his answer set up the divorce decree, which. recited that the cause was heard before the district judge on the 5th day of November, 1908, a regular court day of that term of court, and that it was made to appear that the defendant was duly served with summons in the cause more than 41 days prior to that date by publication of a warning order as required by law and being called in open court and failing to appear or answer, and, being in default, the court having heard the oral testimony of the witnesses decreed the judgment for divorce and for title to the property involved in this case, which upon the record stood in the name of the defendant in that case. The defendant in this case in his answer attacked the validity of this decree, and alleged the same to be null and void for the reason that the court was without jurisdiction of the person of Farris Rice in the divorce proceeding and also of the property described in the decree; that the publication had was not sufficient in law to give the court jurisdiction of the person of the defendant Farris Rice or the estate sought to be affected; that the notice of publication was not for the statutory time before answer day; that he had no notice of the divorce suit nor of the intention of the plaintiff Alice Rice to have decreed to her the property here in controversy, and therefore no opportunity to protect his interests in said action. That portion of the answer setting this up as a defense was by the court on demurrer stricken. The case then proceeded to trial upon the remaining issue, to wit, that defendant owned and was entitled to have awarded to him a half interest in the property. The cause was tried to a jury upon instructions of which no complaint is made, and verdict returned in favor of plaintiff. From the judgment entered thereon the case has been lodged in this court for review upon three propositions: First, that the court erred in sustaining the demurrer; second, that there is no evidence direct or circumstantial rea-

sonably tending to support the verdict .of the jury; third, that a certain letter written by Farris Rice, who was a witness in this case, was improperly admitted as evidence.

Considering these questions in the order stated, it was conceded by both parties on the trial and the case is presented and argued here on the theory that the attack on the judgment in the divorce action as made in this case is collateral and we shall so treat it. As a part of the answer and embodied within it is a copy of the divorce decree which recites that:

"The defendant having been duly served with summons in this cause more than forty-one days prior to this date by the publication of a warning order as required by law, and having been three times called in open court to appear, except, demur, plead, or answer to the petition of plaintiff, came not, but wholly made default."

The foregoing recitation of jurisdiction by the court which tried the action is, under the character of the attack made, by the great weight of American authority, conclusive as against the defendant in this case. The rule, with numerous authorities to support it, is laid down by Mr. Black in his work on Judgments (2d Ed.) sec. 273, as follows:

"It commonly happens that the record itself will furnish evidence on the question of the jurisdiction of the court. And, notwithstanding some vigorous dissent, the great majority of the decisions hold (in the case of a domestic as distinguished from a foreign judgment) that if the record shows the facts necessary to confer jurisdiction, or recites that jurisdiction did in fact attach, its averments are final, and conclusive in every collateral proceeding, and cannot be contradicted by any extraneous evidence. This is in consequence of the great sanctity attached to judicial records by the common law and their 'uncontrollable verity.' It is said: 'If upon inspection of the record it appears that no notice has been given, the judgment or decree is void. On the other hand, if it be a judgment or decree of a domestic court of general jurisdiction, and the record declares that notice has been given, such declaration cannot be contradicted by extrinsic proof. In such cases the judgment or decree is sustained, not because

a judgment rendered without notice is good, but because the law does not permit the introduction of evidence to overthrow that which for reasons of public policy it treats as absolute verity. The record is conclusively presumed to speak the truth, and can be tried only by insuection. This results from the power of the court to pass upon every question which arises in the cause, including the facts necessary to the exercise of its jurisdiction, and as to which, therefore, its judgment, unless obtained by fraud or collusion, is binding, until reversed, on every other court. Hence a recital in a judgment that the original process was served on the defendant, or that publication (when allowed in lieu of service of process) was made, or that the party appeared by attorney or by answer, is conclusive when the record is collaterally put in issue, unless the recital is positively contradicted by the record itself."

We have examined not only a number of the authorities cited in support of this text, but a large number of additional cases, and are satisfied with the statement that the weight of authority supports this rule. We therefore affirm the order of the trial court in sustaining plaintiff's demurrer to defendant's answer.

Without setting the same out at length, we will say that we have carefully reviewed the evidence in the case; and while, had the jury found in accordance with the evidence of defendant, the verdict would have been amply supported, yet we cannot say the same is not true of the conclusions reached rejecting it. The determination of the jury must have been largely influenced by its judgment of the credibility of the witnesses. These it had before it, an advantage which we do not have and which in such a case is of virtually controlling influence. If the jury had accepted the story of the defendant and his son, it would have found that defendant owned and was entitled to a judgment decreeing to him a half interest in this property, but it discredited and found against it, and under the circumstances we cannot say its verdict is without support. All of the evidence that either party desired to be heard by the jury was admitted and the case was submitted on instructions unexcepted to and which

therefore are conclusively · presumed to have been fair. The trial court, which on the motion for a new trial had presented to it this same question, had before it the witnesses, and doubtless knew all of the circumstances connected with the entire transaction better than we can possibly learn them from this record, denied the motion, and we do not feel under the showing made that we would be justified in reversing the conclusion to which it came. *City of Wynnewood v. Cox,* 31 Okla. 563, 122 Pac. 528.

Nor in our judgment was error committed in the admission of the letter referred to by counsel. This letter tended to some extent to contradict the testimony of plaintiff's former husband as the same was rendered in this cause. While the same was not conclusive, it at least threw some light upon the evidence given by the writer.

Under these circumstances, therefore, the judgment of the trial court will be affirmed.

HAYES, C. J., KANE and TURNER, JJ., concur; WILLIAMS, J., dissenting.