# CITY OF CHECOTAH v. CHAPMAN VALVE CO.

No. 5476.   Opinion Filed November 16, 1915.

(153 Pac. 133.)

1. **APPEAL AND ERROR—Verdict—Evidence.** Where the evidence reasonably tends to support the verdict of the jury and the judgment based thereon, the same will not be disturbed on appeal.

2. **EVIDENCE—Best and Secondary—Written Contract.** Oral testimony may be introduced to show the terms and provisions of a written contract, when the proper foundation is laid by showing that the written contract has been lost and cannot be produced.

(Syllabus by Dudley, C.)

*Error from County Court, McIntosh County;*
*J. G. Schofield, Special Judge.*

Action by the Chapman Valve Company against the City of Checotah.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*John F. Vaughan,* for plaintiff in error.

*Charles R. Freeman,* for defendant in error.

Opinion by DUDLEY, C.   This is an action by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, upon an account for goods, wares, and merchandise claimed to have been sold and delivered by it to the defendant, at its special instance and request, during the month of July, 1908.  We shall refer to the parties as they were in the trial court.  The issues were joined, and the case tried to the court and jury, resulting in a judgment in favor of the plaintiff for the full amount sued for, from which the defendant has appealed.

The defendant insists that the evidence does not reasonably tend to sustain the verdict of the jury and the

judgment based thereon.   There is no merit in this contention.   The evidence reasonably tends to show that some time prior to February 29, 1908, the defendant entered into a written contract with the O'Neil Engineering Company for the purpose of extending its waterworks. Following this the work was begun, under the direction and supervision of said engineering company, and on February 29, 1908, it ordered, as agent for the defendant, from the plaintiff, ten hydrants, at a cost of $27 each. These hydrants were shipped, delivered to, and received by the defendant, and used in the extension of its waterworks.   Following this the plaintiff presented to the defendant a proper claim for said hydrants, but the defendant refused to approve, allow, and pay the same.   The original contract between the defendant and the engineering company was lost, and, after showing this fact, the plaintiff introduced evidence reasonably tending to show that under the terms of said contract the engineering company was specifically authorized to order material for the defendant to be used by it in the extension of its waterworks.   Aside from this fact, there is evidence reasonably tending to show that the engineering company was specifically authorized by the defendant to purchase these hydrants.   We therefore conclude that the evidence reasonably tends to support the verdict of the jury and the judgment based thereon, and the same should not be disturbed.   *Texas Co. v. Collins*, 42 Okla. 374, 141 Pac. 783; *Chicago, R. I. & P. Ry. Co. v. Newburn*, 39 Okla. 704, 136 Pac. 174; *Chicago, R. I. & P. Ry. Co. v. Brazzell*, 40 Okla. 460, 138 Pac. 794; *Rice v. Woolery*, 38 Okla. 199, 132 Pac. 817.

It is next contended by the defendant that the trial court erred in permitting the plaintiff to introduce oral

testimony as to the terms and provisions of the written contract between the city and the engineering company as to its authority to buy material to be used in the extension of the waterworks. There is likewise no merit in this contention, because the plaintiff laid the foundation for the introduction of oral testimony by showing that the written contract was lost and could not be produced. The trial court did not err in permitting such oral testimony to be introduced. *Redus v. Mattison,* 30 Okla. 720, 121 Pac. 253.

The defendant also complains of the introduction of other testimony, a part of which was a letter written by the clerk of the defendant city to the plaintiff asking it to send him an itemized statement of its account against the city for the hydrants in controversy, stating, among other things, that the invoice had been misplaced. The clerk testified that he was directed and authorized to write this letter by the mayor of the defendant city. The introduction of this letter does not constitute prejudicial error sufficient to justify the reversal of the judgment on account thereof.

The court's instructions were extremely liberal to the defendant, and, from an examination of the entire record, we think the defendant had a fair trial, and since the jury determined all controverted questions of fact against it, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.