## BLACKWELL *et al.* v. McCALL *et al.*

No. 5310.   Opinion Filed December 14, 1915.

(153 Pac. 815.)

1. **JUDGMENT—Parties Bound—Grantee.** A grantee of land is not bound by a judgment in an action, to which he is not a party, commenced against his grantor subsequent to the grant.

2. **SAME—Conclusiveness—Collateral Attack.** An adjudication of the jurisdictional facts in a domestic judgment is conclusive in a collateral proceeding attacking such judgment by attempting to again put such facts in issue.

(Syllabus by Bleakmore, C.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by King D. Blackwell and others against Robert T. McCall, Jr., and others. Judgment for defendants, and plaintiffs bring error.   Affirmed.

*A. B. Campbell,* for plaintiffs in error.

*W. H. Kornegay, C. B. Holtzendorff,* and *P. W. Holtzendorff,* for defendants in error.

Opinion by BLEAKMORE, C.  This action was commenced in the district court of Rogers county on the 15th day of April, 1912, by King D. Blackwell, Solomon Blackwell, and Hazel Blackwell, as plaintiffs, against the defendants in error, as defendants, for the possession of certain lands, damages for the unlawful detention thereof, the cancellation of certain deeds, a mortgage and the assignment thereof, all of record, and to remove the same as a cloud upon their title.

The facts are that on September 5, 1905, Rosa Blackwell, the then owner of the lands involved, conveyed

the same to her three children, the plaintiffs above named, all of whom were at the time minors. Thereafter Rosa Blackwell married one Brown. In November, 1906, she commenced suit against her said children in the United States Court for the Northern District of the Indian Territory at Claremore, to vacate and set aside said deed. The pleadings, entries upon the appearance docket, etc., in said cause are a part of the record here, it being shown thereby that service of summons in said action was accepted by King D. and Solomon Blackwell on November 28, 1906. Under date of March 11, 1907, upon the appearance docket is shown the following entry:

"Service on minors, King David and Solomon and Hazel Blackwell shown. Archibold Bonds, Esq., appointed guardian *ad litem.*"

On March 12, 1907, the guardian *ad litem* filed answer. Upon the advent of statehood the cause was transferred to the district court of Rogers county.

On February 14, 1908, by judgment of said court, the deed from Rosa Blackwell to the plaintiffs King D., Solomon, and Hazel Blackwell was canceled and set aside; the court finding:

"Now on this the 14th day of February, 1908, the above-entitled cause is reached for trial upon its regular call, both parties being present and announce ready for trial, and agree that said cause may be submitted to the court upon the testimony taken before Hon. A. M. Etchen, Master in Chancery, on the 11th day of March, 1907, and filed in this case on February 10, 1908. And it appearing to the satisfaction of the court that the complaint in this case was filed on November 13, 1907, and the process was issued and duly served on the defend-

4—54

ants, and it further appearing by the return and the pleading in this case that the defendants are minors and that J. B. Brown, of Nowata, Indian Territory, is the guardian of Hazel Blackwell and Solomon Blackwell, and that King David Blackwell now lives with his mother, Rosa Brown, *nee* Blackwell, and that on March 11, 1907, that Archibold Bonds was duly appointed guardian *ad litem,* of all of the defendants, and that on March 12, 1907, that he, the said guardian *ad litem,* filed his answer in this case."

On April 8, 1909, in consideration of $3,900, Rosa Blackwell executed a deed conveying certain lands, including those involved herein, to the defendant Robert T. McCall, Jr., who, on February 18, 1910, to secure a debt of $1,000, mortgaged the same to W. L. Dusenberry, who in turn assigned the mortgage to defendant Van Sant Investment Company. On December 31, 1911, McCall and wife conveyed to defendants Yates and McClain, who, on June 28, 1911, conveyed to defendant Frank Landreth.

It was stipulated between the parties hereto "that all of said instruments were made, executed, and delivered for value and with no other notice of plaintiffs' claim than that disclosed by the records of Rogers county, Okla." Said conveyances were all duly recorded. After conveying the land to McCall, Rosa Blackwell removed from this state and became a resident of California. Thereafter, on September 22, 1911, suit was instituted by King David, Solomon, and Hazel Blackwell in the district court of Rogers county, solely against their mother, Rosa Blackwell (Brown), to vacate and set aside the judgment of February 14, 1908, setting aside and canceling her conveyance of said lands to them; Solomon being at the time in the United States Navy and Hazel

in California with her mother. In this action the mother, Rosa Blackwell, the only party defendant, then in California, accepted service of summons and entered her appearance. The defendants herein had no notice of the pendency of said action. On December 14, 1911, the district court of Rogers county in said last-mentioned suit, without evidence, save the files and record in the former action, rendered judgment, declaring void and vacating the judgment of February 14, 1908.

Prior to the institution of the instant suit Solomon Blackwell had executed and delivered to King D. Blackwell a deed purporting to convey a certain interest in the land involved, subject to the action of the court, and King D. Blackwell in turn had conveyed the same to Dennis B. McNair, who thereafter conveyed the same to Jack Tilton; the latter two being made parties plaintiff herein. Of the plaintiffs King David Blackwell alone appeared and testified upon the trial of this cause. In reference to the service in the original action brought by his mother against him, his brother and sister, wherein her deed to them was canceled and set aside, he stated that he was 23 years of age on March 27, 1912; that he knew his age by reason of an argument with reference thereto he once had with his mother; that he was not in the Indian Territory in 1906; that the acceptance of service in that action was sent to him by his mother and was signed by him in El Paso, Tex.; that he believed his brother, Solomon, was in California at the time. The trial court found for defendants, adjudged the defendant Frank Landreth to be the owner of the land involved, subject to the mortgage of the Van Sant Investment Company, and quieted title in defendants.

Plaintiffs contend that the trial court erred in rendering judgment for defendants, and urge that, notwithstanding the fact that defendants herein, purchasers · in good faith and for value, succeeded to the interest of Rosa Blackwell in the land involved subsequently to the judgment of February 14, 1908, by which she was adjudged to be the absolute owner thereof, and prior to the institution of the suit by the original plaintiffs herein against her alone, wherein they obtained the judgment of December 14, 1911, vacating and setting aside her former judgment against them, these defendants are privies to and bound by said last judgment.

The uniform doctrine is otherwise. In *De Watteville v. Sims,* 44 Okla. 708, 146 Pac. 224, where the authorities are collated, it is announced:

"It being a general rule that a judgment in an action commenced subsequently to a purchase of real estate is not binding upon the purchasers not parties thereto."

The federal Supreme Court in *Dull v. Blackman,* 169 U. S. 243, 18 Sup. Ct. 333, 42 L. Ed. 733, a case in which the facts are in many respects similar to those in the instant case, declared the same rule and quoted with approval from Freeman on Judgments (1st Ed.) · sec. 162, as follows:

"It being a general rule that a judgment in an action express terms in works upon the subject, that no one is privy to a judgment whose succession to the rights of property thereby affected, occurred previously to the institution of the suit. A tenant in possession prior to the commencement of an action of ejectment cannot therefore be lawfully dispossessed by the judgment unless made a party to the suit. * * * No grantee can be bound by any judgment in an action commenced against

his grantor subsequent to the grant, otherwise a man having no interest in property could defeat the estate of the true owner. The foreclosure of a mortgage, or of any other lien, is wholly inoperative upon the rights of any person not a party to the suit, whether such person is a grantee, judgment creditor, attachment creditor, or other lien-holder."

This action is in no sense a direct attack upon the judgment of February 14, 1908 (*Continental Gin Co. v. De Bord*, 34 Okla. 66, 123 Pac. 159), but, on the contrary, is a suit against persons who were not parties to or cognizant of that proceeding. By that judgment it was expressly determined that the minor defendants therein, the plaintiffs here, were duly served with process; that defendants Hazel and Solomon Blackwell had a legal guardian, resident within the jurisdiction of the court; that defendant King D. Blackwell then lived with his mother, Rosa Blackwell; that a guardian *ad litem* had been duly appointed and had answered in said cause for all three of the minor defendants, and that the parties were present in court. These findings are supported by the record, and constitute an adjudication of the jurisdictional facts, which, in a domestic judgment, is conclusive in a collateral proceeding, such as is the present case, attacking such judgment upon the ground that such findings are untrue. In *Continental Gin Co. v. De Bord, supra,* it is held:

"In the trial of any lawsuit, it is necessary for the court to acquire jurisdiction over the person of the defendant; and when the court has solemnly passed upon this question of jurisdiction, and expressly found that the defendant was present, that finding is as conclusive in a collateral proceeding as the judgment of the court on any other question at issue in that case. Van Flett

on Collateral Attack, par. 468, citing *Eitel v. Foote,* 39 Cal. 439; *Harnish v. Bramer,* 71 Cal. 155, 11 Pac. 888; *dictum* in *Bridgeport Savings Bank v. Eldridge,* 28 Conn. 556, 562, 73 Am. Dec. 688; *Osgood v. Blackmore,* 59 Ill. 261, 265; *Rumfelt v. O'Brien,* 57 Mo. 569, 572; *Lingo v. Burford* (Mo.) 18 S. W. 1081; *Harris v. McClanahan,* 79 Tenn. [11 Lea] 181, 185; *Letney v. Marshall,* 79 Tex. 513, 15 S. W. 586; *Marrow v. Brinkley,* 85 Va. 55, 6 S. E. 605, 608; *Doe ex dem. Sargeant v. State Bank,* 4 McClain, 339, 346, Fed. Cas. No. 12,360; *Colt v. Colt* (C. C.) 48 Fed. 385." *Rice v. Woolery,* 38 Okla. 199, 132 Pac. 817; Black on Judgments (2d Ed.) sec. 273.

The judgment of the trial court is correct, and should be affirmed.

By the Court: It is so ordered.