ELLEN MATTHEWS *vs.* LOUIS E. TORINUS & others.

August 19, 1875.

**Purchase by Husband and Conveyance to Wife—Trust in Favor of Existing Creditors of Husband.**—On June 16, 1868, J. M., the husband of E. M., entered into a written agreement with W. for the purchase of certain land, J. M., on his part, agreeing to pay for the same $3,000.00 as follows, viz.: $200.00 down, $800.00 by November 1, 1868, $1,000.00 by November 1, 1869, and $1,000.00 by November 1, 1870; and W., on his part, agreeing to convey the land to J. M. on payment of the last instalment. On the execution of the agreement, J. M. paid the $200.00, and about November 5, 1868, the further sum of $800.00. On November 5, 1868, W. executed a warranty deed of the premises to E. M., and, to secure payment of the unpaid balance of purchase money, ($2,000.00,) J. M. at the same time executed and delivered to W. his two promissory notes, of $1,000.00 each, to secure which E. M. and J. M. executed and delivered to W. a mortgage on the land. *Held,* that under Gen. St. ch. 43, §§ 7, 8, a fraudulent intent not having been disproved, the conveyance to E. M. was fraudulent, as respected a creditor of J. M., to the extent of J. M.'s indebtedness to such creditor at the time of the conveyance, and that a trust of the land conveyed resulted in favor of such creditor to the extent necessary to satisfy such indebtedness, but not to an extent necessary to satisfy an indebtedness accruing subsequent to the conveyance.

**Counter-claim—When not Admitted by Failure to Reply.**—The answer in this case *held* to set up a counter-claim connected with the subject of the plaintiff's action; but it manifestly appearing that the case was tried below upon the theory that the matter set up in the answer was not a counter-claim, but was in issue without any reply, *Held,* that the counter-claim is not to be taken as admitted.

Appeal by plaintiff from a judgment of the district court for Washington county, entered upon the report of a referee.

*L. R. Cornman* and *Henry J. Horn,* for appellant.

*McCluer & Marsh,* for respondents.

BERRY, J. The referee before whom this case was tried below finds the following facts. On June 16, 1868, John Matthews, then and ever since the husband of the plaintiff, entered into a written agreement with one Wheeler for the purchase of certain land situate in Washington county, Matthews, on his part, agreeing to pay for the same $3,000.00 as follows: $200.00 down, $800.00 by November

1, 1868, $1,000.00 by November 1, 1869, and $1,000.00 by November 1, 1870 ; and Wheeler, on his part, agreeing to convey said land to Matthews upon payment of the last instalment of $1,000.00. On the execution of the agreement Matthews paid the $200.00, and about November 5, 1868, the further sum of $800.00. On November 5, 1868, Wheeler executed a warranty deed of the premises to the plaintiff, and, to secure payment of the unpaid $2,000.00 or the purchase price, Matthews at the same time executed and delivered to Wheeler his two promissory notes, of $1,000.00 each, to secure which, plaintiff and Matthews executed and delivered to Wheeler a mortgage on the premises aforesaid. The mortgage was foreclosed for non-payment of the debt secured by it, and about the fall of 1871 the premises were redeemed by the plaintiff, who borrowed the redemption money of Samuel Matthews, a brother of her husband, John Matthews. The amount borrowed was something over $500.00, and, as security therefor, Samuel Matthews took the plaintiff's note, secured by a mortgage upon said prem ises, executed by plaintiff alone. John Matthews has paid about $500.00 of the borrowed money to Samuel Matthews, and the balance is unpaid. The referee further finds, in these words, " that the plaintiff has not, in fact, paid any part of the consideration money for said premises, and that all of said consideration which has been paid was paid by said John Matthews."

It is further found that prior to and on November 5, 1868, John Matthews was indebted to defendants, Torinus, Staples & Co., in the sum $52.15 for goods solds, etc., and that the account between them was continued till December, 1869, at which time the indebtedness of Matthews to them had largely increased ; that on October 17, 1872, in the district court for Washington county, they recovered judgment against Matthews upon his said indebtedness for the sum of $1,315.42, which sum included the aforesaid indebtedness or $52.15. The judgment is unpaid, and has been duly dock eted in said county.

As conclusions of law, the referee finds that the conveyance of November 5, 1868, from Wheeler to plaintiff, is fraudulent as against said defendants, and that plaintiff holds the land subject to a trust in their favor to the extent necessary to satisfy their judgment, etc.

Our statute (Gen. St. ch. 43, §§ 7, 8,) enacts that when a grant for a valuable consideration is made to one person, and the consideration therefor is paid by another, the conveyance shall be presumed fraudulent " as against the creditors, at that time, of the person paying the consideration ;" and when a fraudulent intent is not disproved, a trust shall result in favor of such creditors to the extent that may be necessary to satisfy their just demands.

The consideration of the conveyance to plaintiff consisted of the right of John Matthews under his contract of purchase, which was turned in as part of the consideration at the time of the execution of the conveyance, of $800.00 in cash paid at the same time, and of the two promissory notes made at the same time, also by John Matthews, for $1,000.00 each. The payment of the consideration and the execution of the conveyance were, therefore, simultaneous ; for the notes are to be considered as payment, because they evidenced a binding obligation upon their maker and operated as payment, in fact, for the land—that is to say, so that the grantor's title passed to the grantee absolutely. *Gorton* v. *Massey*, 12 Minn. 145 ; *Lounsbury* v. *Purdy*, 16 Barb. 376 ; *s. c.*, 18 N. Y. 515. For the purposes of this case it is, therefore, unnecessary to enquire whether the words " at the time," in the statute cited, have reference to the time of the execution of the conveyance, or of the payment of the consideration, or to the time when both the execution of the conveyance and the payment of the consideration money are consummated, for in this case these times are one and the same. In whichever sense the words " at the time " are to be taken, the referee has found that, at such time, the defendants were creditors of John Matthews in the sum of $52.15 only, and, therefore, under

the terms of the statute it is for that amount only that the presumption of fraud in the conveyance arises in defendant's favor.

The referee not having found the absence of a fraudulent intent, such intent is to be taken as " not disproved." It follows that, under the statutory provisions cited, the conveyance was fraudulent, and that a trust of the land conveyed resulted in favor of said defendants to the extent necessary to satisfy their demand for $52.15, but not to such extent as would be required to satisfy the balance of the indebtedness upon which their judgment was recovered, either in whole or in part.

The referee has not found facts which would make the conveyance fraudulent, or raise any trust, irrespective of the statutory provisions to which we have referred. In other words, except so far as the conveyance in question is made fraudulent, and the trust raised, by those provisions, the facts found do not warrant a conclusion of law that the conveyance is fraudulent at all, or that any trust exists; and, as the facts found render the conveyance fraudulent, and raise a trust, only as respects the indebtedness of $52.15, it follows that they do not support the referee's conclusion of law. The judgment entered upon the report must, therefore, be reversed, and the report set aside.

The plaintiff in her complaint alleges that she is owner in possession of the premises before mentioned ; that defendants, Torinus, Staples & Co., claim a lien upon said premises by virtue of the judgment aforesaid and the docketing thereof ; that they are proceeding to sell the premises upon an execution issued upon their judgment, and that the sale will cloud and injuriously affect her title ; and she demands judgment that the pretended lien be declared void, that the enforcement thereof be forever barred, and that the sheriff, who is also made defendant, be enjoined from selling the premises, or any part thereof, upon the execution.

The answer sets up many facts of importance upon the

general question of fraud in the conveyance as respects
defendants, Torinus, Staples & Co., facts tending to show
fraud at common law, in accordance with the doctrine of
*Blackman* v. *Wheaton*, 13 Minn. 326, and perhaps fraud
under Gen. St. ch. 41, § 18. The answer, further claim-
ing that plaintiff is holding the title to the premises under
a secret and fraudulent trust for the use and benefit of her
husband, John Matthews, and that he has no other property
out of which the judgment can be collected, prays that the
title be adjudged to be in the said John Matthews, that the
judgment aforesaid be declared to be a lien thereon, and
that the premises be sold to satisfy the same. The defend-
ants contend that the answer sets up a counter-claim. In
this we are of opinion that defendants are right. The
answer sets up a cause of action in defendants, in respect
to the premises and the judgment, which are the subjects of
the plaintiff's action, as stated in her complaint. In other
words, the answer sets up a cause of action " connected
with the subject of the " plaintiff's " action." It, therefore,
states a counter-claim, as defined in Gen. St. ch. 66, § 80.
*Barker* v. *Walbridge*, 14 Minn. 469, 477. The case is
readily distinguishable from *First Nat. Bank of Memphis*
v. *Kidd*, 20 Minn. 234, cited by plaintiff, in which the
answer sets up facts which, at most, only put the defendant
in a position to ask, as a mere equity, that the plaintiff, in
selling under his mortgage, should sell in such order as, if
possible, to save the claim of defendant as the holder of a
judgment junior to the mortgage.

As their answer stated a counter-claim, the defendants
insist that its allegations were admitted by plaintiff's failure
to reply, and that, therefore, the report of the referee should
be treated as if he had found the facts alleged in the answer
going to show the fraudulent character of the conveyance
in question, and the fraudulent trust upon which plaintiff
holds the premises. But, without adverting to any other
consideration, it is sufficient, in answer to this position, to

say that the case was, as manifestly appears from the referee's report, tried upon the theory that the matter set up in the answer was not a counter-claim, but was in issue without any reply, and that, the allegations of the answer not being proved by evidence, it was unnecessary for the plaintiff to adduce evidence against them. The referee evidently proceeded upon this theory, and he has accordingly found no fraud in the case, nor the existence of any trust, except as before indicated. To hold, under such circumstances, that the report of the referee should be supplemented by the allegations of the answer would be unjust in the extreme.

Judgment reversed, and report of referee set aside.