W. D. CORBIN, Respondent, v. GENTRY & FOR- SYTHE CLEANING AND DYEING COMPANY, Appellant.

Kansas City Court of Appeals, May 18, 1914.

1. **DAMAGES: Bailments: Clothing.** The plaintiff delivered a suit of clothes to the defendant to be cleaned and pressed. The clothes were not returned while in the custody of the defendant. and the plaintiff now seeks to recover their value. The defendant contends that the loss was due to burglary and not to any negligence of defendant in conducting its business. *Held,* that the loss was not due to any excusatory cause assigned by defendant and that it was the natural consequence of the negligence of defendant in conducting its business.

2. **BAILMENTS: Burden of Proof.** The duty defendant owed plaintiff was that of bailee for hire. The gist of a cause of action inuring to a bailor for the inadvertent loss of the property during the bailment is negligence of the bailee and in an action for such loss the burden is on the plaintiff to show that such negligence was the cause of the loss.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover,* Judge.

AFFIRMED.

*Langsdale & Howell* for appellant.

(1) The demurrer offered on behalf of the appellant at the conclusion of respondent's testimony and the demurrer offered on behalf of the appellant at the close of all the testimony in the case, should have been sustained; and the peremptory instruction directing a verdict for appellant should have been given at the close of all the testimony. Levi & Co. v. Railroad, 157 Mo. App. 536; Ridgeway et al. v. Railroad, 161 Mo. App. 260; Decker v. Railroad, 149 Mo. App. 534; Am. Brew. Assn. v. Talbot et al., 141 Mo. 674; Edwards Bailments, sec. 286; Clark v. Shrimski, 77 Mo. App. 166. (2) The court erred in refusing to give an instruction offered on behalf of the appellant on the burden of proof. Berger v. Storage Co., 136 Mo. App. 36.

*Sebree, Conrad & Wendorff* for respondent.

(1) In bailment cases it is not necessary to plead negligence, but an allegation of contract of bailment, compliance therewith by plaintiff, and a failure of compliance therewith by defendant, states a good cause of action. Freeman v. Freeman, 141 Mo. App. 359, 363; Dixon v. McDonnell, 92 Mo. App. 479, 481; Casey v. Donovan, 75 Mo. App. 665, 667. (2) Even though it be held the petition is founded on negligence, yet since the allegations are general and not special, *res ipsa loquitur* is applicable and respondent made a prima-facie case by showing delivery of the clothes to appellant and failure of appellant to return same to respondent. Freeman v. Freeman, 141 Mo. App. 359, 363, 664; Berger v. Storage & Commission Co., 136 Mo.

App. 36, 40; Trimming Co. v. Railroad Co., 165 Mo. App. 353, 355.

JOHNSON, J.—This suit originated in a justice court upon a statement which alleged that "plaintiff delivered to defendant a suit of clothes, the property of this plaintiff, of the value of eighty-five dollars ($85), for the purpose of being cleaned and pressed by defendant, which said suit defendant agreed to return to plaintiff when said work was completed; that defendant received said suit upon the agreement and for the purpose aforesaid, but has failed to perform said agreement on its part, and so carelessly and negligently kept said suit, that while it was in the possession of defendant for the purpose as aforesaid, it was lost, destroyed or stolen, to plaintiff's damage in the sum of eighty-five dollars." A trial in the circuit court resulted in a verdict and judgment for plaintiff and defendant appealed.

Plaintiff proved at the trial that he delivered the suit to defendant for cleaning and pressing and that defendant failed to return it and attempted to excuse its failure on the ground that a burglar had entered the shop and stolen the suit.

Defendant admitted the bailment and the loss of the property and introduced evidence tending to show that a burglar had entered the shop one night through a closet window and had stolen the suit and other articles of clothing. The employee of defendant who closed the store the night of the theft testified to having locked the doors and windows. The examination of the premises which immediately followed the discovery of the loss disclosed that the lock of one of the windows was broken and that the window had been pried open.

The only instruction given at the request of plaintiff was on the measure of damages. On behalf of defendant the jury were instructed "that if you find

and believe from the evidence that the suit of clothes mentioned in the evidence was stolen from defendant while in the custody of defendant your verdict must be for the defendant unless you further find that said suit was stolen through some act or acts of negligence or carelessness on the part of the defendant or its agent or agents.''

Before this instruction was asked the court refused to give a demurrer to the evidence and this ruling is assigned as the principal error committed against defendant at the trial.

The duty defendant owed plaintiff was that of a bailee for hire. The gist of a cause of action inuring to a bailor for the inadvertent loss of the property during the bailment is negligence of the bailee and in an action for such loss the burden is on the plaintiff to show that such negligence was the cause of the loss. But to satisfy this burden plaintiff was required only to plead and prove the fact of a bailment and the failure or refusal of defendant to return the property on proper and timely demand. He was not required to plead and prove specific acts of negligence in order to make out a prima-facie case and the mere allegation of negligence in his statement did not add another element to the cause he was required to prove. As is said in Freeman v. Foreman, 141 Mo. App. l. c. 364: ''There is one rule, however, which in a proper case for its application, practically places the plaintiff in a bailment case, upon the same footing, as far as proof is concerned, as he who brings an ordinary action upon a bailment contract without any allegation of negligence, and that is, that in all negligence cases where the charge of negligence is a general one, and the plaintiff can show that the loss or injury occurred under such circumstances that it may be reasonably inferred from the fact that injury did occur, that if ordinary care had been used by the party charged the injury would not have resulted, he thereby makes a

Corbin v. Cleaning & Dyeing Co.

prima-facie case, and casts upon the defendant the burden of showing that he exercised that degree of care which under the law it was his duty to exercise in the particular case. This doctrine known in legal parlance as *res ipsa loquitur* is now a familiar rule of practice in the trial of negligence cases."

Since the bailor is generally at a disadvantage in obtaining accurate information of the cause of the loss or damage the law considers he makes out a case for the application of the rule of *res ipsa loquitur* by proof of the bailment and the failure of the bailee to deliver the property on proper demand. [Levi v. Railroad, 157 Mo. App. 1. c. 543, and cases cited.] With the prima facie case conceded, the burden devolved on defendant to excuse its failure to deliver the property by proof that the loss was due to a cause consistent with the exercise of reasonable care.

"When the loss of the goods is established, the burden of proof devolves upon the carrier (the bailee) to show that it was occasioned by some act which is recognized as an exemption." [Levi v. Railroad, supra.]

The evidence that the loss was due to burglary and theft tended to exonerate defendant but was of no greater evidentiary force than was required to raise an issue of fact for the jury. We find the evidence as a whole supports a reasonable inference that the loss was not due to the excusatory cause assigned by defendant and further that if the property was stolen by a burglar the theft was a natural consequence of negligence of defendant in conducting its business. The demurrer to the evidence was properly overruled.

The objection to the action of the court in refusing an instruction asked by defendant on the burden of proof is decided against defendant on authority of the rule applied in Price v. Railway Company, 220 Mo. 1. c. 463. The judgment is affirmed.

All concur.