**FOSTER v. WOOLEY, Sheriff, et al.**

No. 14121—Opinion Filed July 17, 1923.

1. **Judgment—Collateral Attack — Pleading —Waiver of Reply—Action Against Sheriff for Loss of Attached Property.**

Where A. sues B,. and B. files answer, to which A. files no reply, and trial is had without objection by B., B. thereby waives a reply and is regarded as consenting to go to the proof of the answer as if it were denied, and upon the court issuing an order of attachment upon such judgment to C., the sheriff, who levies upon property of B., and the sheriff loses the custody of the property by theft, C. may not attack the validity of the judgment in a collateral proceeding against C. by A. because no reply was filed, when the judgment or decree recites that the court had jurisdiction or recites facts showing jurisdiction of the parties and the subject-matterf.

2. **Sheriffs and Constables—Action Against Sheriff for Loss of Property Attached— Negligence — Presumption — Burden of Proof.**

While the law presumes an officer properly performed his duty, this presumption does not extend to the extent of absolving the officer from liability in the absence of the officer showing he exercised reasonable care, and where the plaintiff proves by competent evidence a levy by the sheriff; the sheriff's return showing he levied upon said property; that the property is in the sheriff's custody, and introduces an order of sale for such property and return of sheriff reciting "no sale because property was stolen from the custodian," this presents a prima facie case of negligence, and the burden of proof shifts to the sheriff to show the facts and circumstances surrounding the custody and care of the property levied upon to enable the court to determine whether, under all the facts and circumstances, the officer exercised ordinary care.

3. **Same—Prima Facie Evidence of Value —Householders' Appraisement— Sheriff's Return.**

Where the plaintiff introduces the sheriff's return, wherein it is recited that the sheriff levied upon certain property of the judgment debtor and swore two householders to appraise the value of same and the value is so found and determined by the said householders, this presents a prima facie case of the value of the property at the time of the levy.

4. **Same—Validity of Former Judgment.**

Record examined, and held: (a) That as between the parties to this action, the judgment upon which execution was issued was valid; (b) that a prima facie case of negligence on the part of the sheriff was presented, that could only be rebutted by proof of the facts and circumstances attending the alleged theft of the property; (c) that the return of the sheriff showing an appraisement and valuation by two householders sworn to appraise the property levied upon is prima facie evidence of such value.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Valjean Biddison, Judge.

Action by J. B. Foster against James Wooley, sheriff, and London & Lancashire Indemnity Company of America, a corporation, as surety on the official bond of such sheriff. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

Conn Linn and W. S. Rogers, for plaintiff in error.

Poe & Lundy, for defendants in error.

Opinion by RUTH, C. This was an action instituted in the district court of Tulsa county by J. B. Foster, plaintiff, against James Wooley, sheriff of Tulsa county, and London & Lancashire Indemnity Company of America, a corporation, as surety on the official bond of the defendant Wooley as sheriff.

The plaintiff in his petition sets forth the fact that James Wooley was the duly elected, qualified, and acting sheriff of Tulsa county, and that the defendant London & Lancashire Indemnity Company of America was surety on the official bond of the said Wooley; that the plaintiff had recovered judgment against the Baker R. & L. Motor Car Company and filed his petition and affidavit for attachment and executed ins bond in attachment in case No. 9726 of the docket of the said court, and that the attachment was delivered and issued to the sheriff of Tulsa county, one of the defendants herein, and the said sheriff took into his possession said writ of attachment and took into his possession of the property of the defendant, the Baker R. & L. Motor Car Company, a certain electric automobile of the approximate value of $3,000; that the plaintiff recovered judgment against the Baker R. & L. Motor Car Company, foreclosing the plaintiff's attachment lien upon the car, and that an order of sale was issued directing the sheriff to sell the said car in accordance with the order of sale and judgment of the court.

Plaintiff further alleges in his petition that the defendant James Wooley levied upon the property of the Baker R. & L. Motor Car Company and made his return showing that it was in his custody, and that

upon the order of sale of said property being issued by the court, the defendant Wooley made his return that he was unable to sell the car for the reason that the car had been stolen from the custodian, and further avers that through negligence and carelessness and through the want of faithfulness the said Wooley, as sheriff, wrongfully and unlawfully permitted said car to be taken out of his possession and custody without the consent of the plaintiff, and alleges damages in the sum of $3,000.

Plaintiff further avers that the defendant London & Lancashire Indemnity Company is surety upon the official bond of the defendant sheriff and sets forth in his petition in this case his petition, answer of the defendants, oath of office of the sheriff, copy of the indemnity bond, the judgment of the court in the case of Foster v. Baker R. & L. Motor Car Company, the affidavit for attachment, the order of attachment, return of the sheriff showing that he had levied upon the property of the defendants the Baker R. & L. Motor Car Company, and that the property was in his, the sheriff's, custody; also introduces order of sale of said property and return of the sheriff showing that no sale was had because of the theft from the sheriff, and further introduces the appraisement of the householders appointed by the sheriff reciting that the property was of the reasonable value of $3,000, to which petition the defendant Wooley filed his general demurrer, which was by the court overruled, and the defendant filed his answer, admitting that he was sheriff of Tulsa county at and during the time mentioned and set forth in the plaintiff's petition, and filed a general denial, and the separate answer of the London & Lancashire Indemnity Company consists of a general denial.

Upon the cause being regularly called for hearing, the defendants moved the court to dismiss the action, which motion was by the court overruled and the defendants excepted and, the jury being waived, this cause was tried to the court, and before the introduction of any evidence, the defendant Wooley moved the court to dismiss the cause, for that the plaintiff's action is based upon a former judgment rendered by the court in case No. 9726, wherein J. B. Foster was plaintiff and the Baker R. & L. Motor Car Company was defendant, which said judgment was utterly void for the reason that the court acted wholly without jurisdiction, for that at the time of the rendition of the said decree, there were no issues joined and there had been no reply to defendant's answer filed therein, which motion was by the court overruled and exceptions saved by the defendant. Thereupon the plaintiff introduced in evidence his petition in case No. 9726, the answer of the defendant therein, the judgment of the court, the affidavit of attachment, return of the sheriff showing that the sheriff had levied upon the property of the judgment debtor and that the property was in the custody of the sheriff; the return of the sheriff showing that he had sworn two householders to appraise the property and that the householders had so appraised the property and found its value to be $3,000.

Plaintiff further introduced in evidence the order of the court ordering the sale of the property so seized, and the return of the sheriff showing "no sale, property having been stolen from custodian," and further introduced the evidence of J. B. Foster, plaintiff herein, for the purpose of showing that said Foster did not consent or agree in any way to the disposition of the property levied upon by the sheriff in response to the order of the court, and the plaintiff rested, thereupon the defendants called W. F. Seaver as a witness, for the purpose of showing that said Seaver, being chief deputy in the court clerk's office of Tulsa county, had examined case No. 9726 and found no record of a reply being filed in the last said case, and the witness, Seaver, testified that he did not find a reply but would not say that such a reply had not been filed, and that the witness Seaver was excused and the defendant rested and moved the court to render judgment in favor of the defendants, which motion was by the court overruled at that time and the hearing of the cause was continued to December 4, 1922, and upon December 20, 1922, the court rendered judgment for the defendants, wherein the court finds that "the motion of the defendant for judgment in favor of the defendant as against the plaintiff should be sustained, and further finds that the evidence introduced on behalf of the plaintiff in support of the allegations of his petition failed to support the allegations of plaintiff's petition," whereupon the plaintiff filed motion for a new trial, which was by the court overruled, and for error of the court in overruling the motion for a new trial and the reasons therein stated, the plaintiff brings this cause to this court for review.

The plaintiff and defendants present the following questions to this court: First, Did the district court of Tulsa county have jurisdiction to render judgment in case No. 9726, entitled J. B. Foster v. Baker R. & L.

Motor Car Company? We think the court had jurisdiction to render the judgment it did render in such case. J. B. Foster had sued Baker R .& L. Motor Car Company for $5,000 damages for breach of contract, wherein it was alleged the defendant in that cause was to sell Foster's Locomobile and to pay him, Foster, the proceeds after making certain deductions. The defendant, Baker R. & L. Motor Car Company, appeared and filed its answer admitting the sale of the car and alleging it had forwarded Foster the money by cashier's check. The court, by reason of the petition, the appearance of the defendant, and the answer, acquired jurisdiction of the parties and the subject-matter; the cause was set for trial; the defendant's attorney was notified in advance of the trial; the cause came on regularly for hearing, evidence was introduced by the plaintiff; and judgment rendered in favor of the plaintiff, which judgment was never appealed from and hence became final, valid and subsisting judgment.

The judgment of the court recites facts showing the court had jurisdiction, and this court, in Continental Gin Co. v. DeBord, 34 Okla. 66, 123 Pac. 159, and Rice v. Wooley. 38 Okla. 199, 132 Pac. 817, held that where a judgment itself recites that the court had jurisdiction or recites facts showing that the court had jurisdiction, the same cannot be collaterally attacked.

The failure to file a reply (which failure does not definitely appear in this case) was a matter of which the defendant in case No. 9726 might have availed itself or might have waived the same, and its failure to require a reply constitutes a waiver.

In Holt v. Holt, 23 Okla. 639, 102 Pac. 187, this court held:

"In an action where defendant voluntarily goes to trial without a reply, when he is not bound to do so, he thereby waives a reply, and is regarded as consenting to go to the proof of the answer as if it were denied, and after the hearing and conclusion of the evidence, error is not committed by the trial court in overruling a motion for judgment on the pleadings on account of the absence of such reply."

In Allison v. Bryan, 26 Okla. 520. 109 Pac. 934, this court says:

"Nor is it true, as contended, that the failure to reply to answer in the case admitted the allegations thereof and thereby concluded the plaintiff as to the jurisdiction of the court. The case went to trial and was tried in all respects as if a reply had been filed, and the rule is that where a defendant voluntarily goes to trial without a reply

when he is not bound to do so, he is thereby held to have waived it, and is regarded as consenting to go to the proof of the answer, as if it were denied."

Section 397, Bliss on Code Pleading, lays down the general proposition as follows:

"The defendant may waive a reply, and if he shall go to trial as though a reply by way of traverse were in, he shall be deemed to have waived it, or it will be considered as having been duly filed, or the court will, after verdict, allow it to be filed nunc pro tunc." Citing Hopkins v. Cothran, 17 Kan. 173; McAllister v. Howell, 42 Ind. 15.

The same authority cites Northern Supply Co. v. Wagnard, 107 Am. St. Rep. 986; Killman v. Gregory, 91 Wis. 478, 65 N. W. 530; 18 Ency. of Pl. & Pr. 650, stating:

"If a reply were required, under the circumstances, in order to put the allegations constituting the counterclaim in issue, it was effectually waived by respondent's treating same as at issue by going to trial upon the merits, and proceeding therein till near the close thereof before suggesting anything to the contrary.

"A reply was requisite under the statute, but a reply may be waived, and we are of the opinion defendant waived a reply by proceeding to trial to treat the new matter in the answer as being traversed and at issue without a reply." Netcott v. Porter, 19 Kan. 131; Mathews v. Torinue, 22 Minn. 132.

In the instant case, the defendants, not being parties in any manner to the action between Foster and the Baker R. & L. Motor Car Company, and not being interested in the judgment in that cause, cannot avail themselves of the failure of the plaintiff to file reply, if such failure there was, and are thereby precluded from making a collateral attack upon the validity of judgment in the Foster v. Baker R. & L. Motor Car Company case.

The second question presented to this court is, Was the defendant. James Wooley, as sheriff, guilty of negligence in permitting said car to leave his possession after levy made? The return of the defendant, James Wooley, sheriff, to the order of attachment recites that he, Wooley, received the order of attachment, levied it on a car belonging to the Baker R. & L. Motor Car Company, appointed two householders to appraise the same and placed the said householders under oath as required by law. The said householders so appointed appraised the car and found it to be of the value of $3,000 and the sheriff's return further recites: "Said property is in my

custody held subject to the order of the within named court. (Signed) J. W. Wooley." And in response to an order of sale issued out of the court after such return, the defendant Wooley makes the following return: "No sale, property stolen from custodian."

There being no further evidence before the court, we are forced to the conclusion that the sheriff, Wooley, was custodian of the property and the car was stolen from his custody. Was this sufficient to excuse the defendant? We do not think it was.

While we recognize the rule that "the presumption of law that public officers have done their duty applies in full force in the case of sheriffs and constables and their deputies and assistants" (35 Cyc. subsection K, page 827), and this court is not inclined to set at naught this well-established rule, but does hold that it is not sufficient excuse for an officer to say by his return, "The property was in my custody, but it was stolen from me," without introducing any evidence of circumstances surrounding the custody or the theft. To hold otherwise would be to deprive attaching creditors of their right of recovery. When the sheriff levies upon sufficient property of the judgment debtor to satisfy the judgment, can he suffer the property to be stolen and again levy against the debtor to satisfy the judgment? If A. executes bond in attachment and the officer attaches B's property and upon trial the attachment is dissolved, cannot B. maintain an action on the bond and recover the value of the attached goods plus damages? Can an officer justify his failure to produce the goods by simply making return, "The goods were stolen from my custody?" The defendants in this case cite Mills v. Gilbreth, 47 Me. 820, 74 Am. Dec. 487, wherein the court announces the doctrine applicable to sheriffs in attachment cases in the following language:

"Attachment creditor has burden of proof of showing loss of goods through officer's negligence, in an action against the officer for default in applying attached goods on execution, where the officer proves the loss and the attending facts and circumstances; and where the evidence as to the exercise of the officer's care is evenly balanced, the presumption that he has done his duty will prevent a recovery against him"

—and the defendants appear to place considerable stress upon and reliance in the doctrine so announced. We agree with the defendants that this is and should be the law. An analysis of the paragraph just quoted

from the opinion of Mills v. Gilbreth may be of some benefit in this case.

Did the officer, James Wooley, sheriff, defendant herein, "prove the loss and the attending facts and circumstances?" He wholly failed so to do, and in fact introduced no evidence in this case on that point. The plaintiff, Foster, had no means of knowing what care the defendant exercised relative to the safe custody of the car, and while the presumption of the ordinary care is in the sheriff's favor, he might have left this electric car in the open highway with the key in the lock, with the battery fully charged ready for use, and the plaintiff would not be advised of this fact, or he might have placed it under lock and key in a reasonably safe place. In either event, we feel that for the protection of the litigants, when the officer shows by his return that there was no sale as the property was stolen from him, such officer should prove the loss and the attending facts and circumstances, to the end that the court or jury might determine from such circumstances whether or not that constituted "reasonable care."

As was said by the learned judge in Wheeler v. Hambright, 9 Serg. and R. 390:

"The sheriff takes his office for better or for worse; the losses in particular instances being compensated by extraordinary gains in others. At all events, it is better he should bear the risk of occasional loss than that the public should be left unprotected."

Justice Thompson, in Green v. Hern, 2 Pa. 167, says:

"The sheriff, when he levies, is armed with authority to become the exclusive custodian of the property seized, and it is his duty to become so in fact, if he would not risk its abstraction. This care is his personal interest, the law requires him to account for the property, unless he is divested of it by the act of God, the public enemies, the law, or by some irresistible accident, such as sudden fires or the like. Nothing but such a rule we think adequate for such a trust, and we believe the stringency of the law in Pennsylvania in regard to the sheriffs, has so much increased the care of incumbents of the office in the discharge of their duties, that it accounts for the fact that we have but few cases, comparatively speaking, against sheriffs for deficiency in the discharge of their official functions."

In Watson on Sheriffs, 188, the rule is laid down as follows:

"After the sheriff has seized goods, it is his duty to remove them to a place of safe

custody until they can be sold, for if they be rescued, the sheriff is liable to the plaintiff for their value."

Section 160, Corpus Juris, states:

"The rule adopted in the more modern decisions is that the proof of loss or injury establishes a sufficient prima facie case against the bailee to put him upon his defense. Where chattels are delivered to a bailee in good condition and returned in a damaged states, or, are lost or not returned at all the law presumes negligence to be the cause, and casts upon the bailee the burden of showing that the loss is due to other causes consistent with the care on his part"

—and this rule rests upon the consideration that:

"Where the bailee has exclusive possession, the facts attending loss or injury must be peculiarly within his own knowledge. Corbin v. Gentry et al., 181 Mo. App. 151, 155, 167 S. W. 1144, and the failure to return the property or its return in an injured condition, constitutes the violation of a contract and it devolves upon the bailee to excuse or justify the breach." Nutt v. Davidson, 54 Colo. 586, 588, 131, 390, 44 L. R. A. (N. S.) 1170.

"The rule is founded in necessity, and upon the presumption that a party who, from his situation, has peculiar, if not exclusive, knowledge of facts, if they exist, is best able to prove them. * * * The presumption is not violent that he has been wanting in diligence, or that he may have wrongfully converted, or may wrongfully detain them." Davis v. Hurt, 114 Ala. 146, 150, 21 South. 468.

In volume 3. R. C. L., sec. 75, at page 152, this rule is again discussed:

"And in other jurisdictions the rule has been laid down that while the bailor must prove delivery to the bailee and his refusal to return as required by the contract of bailment, thereafter the burden is on the bailee to prove that he has not converted the property, and this he may do by showing its loss and the manner of its loss. But by the manner of loss such courts mean not only the isolated fact of destruction by fire, or loss by theft or otherwise, but the circumstances connected with the origin of the fire or other cause of loss or injury as far as known to the bailee, and the precautions taken to prevent the loss or injury, and from these facts, coupled with any testimony on the subject that the bailor may introduce, they hold that it is for the jury to say whether the bailee was negligent."

In Beck v. Wilkins-Ricks Co., 9 Am. L. Rep. 554, the court says:

"The mere fact that property had been destroyed by fire or stolen did not absolve him from responsibility, any more than he would have been absolved if it had been injured in his custody, unless he had shown that he had used the care required of him by virtue of his bailment. The burden of proving negligence was on the plaintiff, and this burden does not shift; but when it was shown or admitted, that the machine was not returned by reason of its being destroyed or stolen, or that it was returned in injured condition, it was the duty of the defendant to 'go forward' with proof to show that it had used proper care in the bailment. Therefore it was error for the court to withdraw the case from the jury, and thus to hold, as a matter of law that the defendant had exercised proper care."

Applying the law as quoted in the foregoing decisions and recognized authorities in the present case, we find the defendant sheriff in this case had exclusive control of the property levied upon. The plaintiff, nor any other person, could gain control of that property by any legal process, as it had been seized under an order of the court. No person could assume or acquire any control over its custody, save and except the sheriff, and when a sheriff shows by his return that he has seized the property and has it in his custody, and by return of the order of sale it is shown that there is no sale because the property has been stolen from the sheriff, we hold that upon the introduction of these returns, the plaintiff has presented a prima facie case of negligence, whereby the burden of proof is shifted to the defendant to prove the facts and circumstances of his custody and control of the property, to the end that the question of his negligence or reasonable and ordinary care may be determined by the court or jury.

The third question presented for consideration is that of evidence of the value of the property levied upon. It appears from the record in this case that the sheriff, Wooley, was by order of the court duly and regularly issued, directed to levy upon the property of the Baker R. & L. Motor Car Company sufficient to satisfy the judgment of $5,000 obtained by this plaintiff, Foster. The plaintiff, Foster, so far as this record discloses, had no knowledge of what property the Baker R. & L. Motor Car Company possessed, but by the sheriff's return, it is shown that the sheriff found an electric automobile belonging to the judgment debtor and proceeded to levy thereon and, in compliance with the law, the sheriff summoned two householders and swore them to appraise the property, and ascertain its value, and to certify the said value under their oaths, which the householders proceeded to

do, and return as the value of the car so levied upon the sum of $3,000, which this defendant sheriff immediately certified to the court in his return.

We feel that by the introduction of this sworn statement of the householders, the plaintiff proved value, and such value as found by the householders apopinted by the sheriff and sworn by him, is binding upon the defendants in this case. If this were not the rule, how would it be possible for the plaintiff in an action against an officer to prove value? A writ of execution is placed in the hands of an officer and it is no part of the duty of the judgment creditor to accompany the officer in the search of property. True it is that the judgment creditor may and frequently does advise the officer where he may locate property of the judgment debtor, and upon this information, the officer makes this levy, but in very rare instances does the officer advise the judgment creditor of the seizure and request him to have it appraised, as it becomes part of the officer's duty to appoint the householders and makes such appraisement. Therefore if the property is seized by the sheriff and properly appraised according to law, and the value placed thereon without affording the judgment creditor an opportunity to appraise it, and the property is immediately stolen from the sheriff, the judgment creditor is absolutely without means of proving the value of the property at the time of its seizure, save and except through the return of the officer showing such appraisement and when the record fails to show that the judgment creditor had had an opportunity to have the property appraised and in suit against the officer for negligence in permitting the property to depart from his custody, he introduces the sheriff's return showing that the property was properly appraised according to law, he has established a prima facie case of the value thereof.

In Correll et al. v. Morgan, 70 Oklahoma, 174 Pac. 509, this court held:

"An officer's return is admissible as prima facie evidence of the value of the property attached, but is not conclusive upon either the officer or the parties to the action and their privies, and is subject to be overcome by parol evidence of a different value."

In the above case, this court cites with approval the rule laid down in 6 Corpus Juris, p. 266, note 6 f:

"An officer's return is admissible as prima facie evidence of the value of the property attached, but is not conclusive upon either the officer or the parties to the action and

their privies, and is subject to be overcome by parol evidence of a different value."

And under subdivision (a) of note 17, 6 C. J. p. 266, the following rule is announced:

"If there is no other evidence of value than that contained in the return, it will be taken in an action against the officer as the correct value."

In this case, the officer having made his return showing the value of the property seized and offering no evidence of a different value, and in view of the fact that the sheriff had seized the property and was in a better position to ascertain the real value than any other person, the introduction of the return made is a prima facie case of the value, and being uncontradicted must be taken by the court as the real and proper value.

This cause having been determined by the court below upon "motion for judgment on the evidence" in the nature of a demurrer to the plaintiff's evidence, all the record is brought before this court for consideration, and upon consideration of all the evidence, we find the court erred in sustaining the motion of the defendants for judgment and for the reasons herein stated, the judgment of the court should be reversed and this cause remanded to the trial court with instructions to grant the plaintiff a new trial in conformity with this opinion. Reversed with instructions.

By the Court: It is so ordered.