MARGARET BENZ, RESPONDENT, v. MONARCH TRANSFER AND STORAGE COMPANY, APPELLANT.*

Kansas City Court of Appeals. May 21, 1928.

*Corpus Juris-Cyc References: Warehousemen, 40Cyc, p. 470, n. 1; p. 478, n. 32; p. 482, n. 54.

*Clif Langsdale* for respondent.

*James R. Page* and *Carl L. Crocker* for appellant.

WILLIAMS, C.—This case comes to us on an appeal from the circuit court of Jackson county. The petition alleges and the facts show that the defendant was at the times mentioned in the petition, a corporation, and engaged in the storage business in Kansas City, Missouri; that on or about the 30th day of September, 1924, plaintiff delivered to the defendant a quantity of household and kitchen furniture and other personal property for storage; that plaintiff has demanded the return of said goods and defendant has failed to deliver.

The evidence further shows that a warehouse receipt was given in which it was agreed that defendant should not be liable for fire, or any other cause beyond the company's control. The evidence is clear that a fire occurred and destroyed the goods. A verdict was rendered for plaintiff for $880.50. After an unsuccessful motion for a new trial, defendant brings the case here on appeal.

During the progress of the trial plaintiff testified that the defendant's superintendent told her that the fire was caused by spontaneous combustion. This evidence, on motion, was stricken out. That the petition stated a cause of action and the proof under the petition would entitle plaintiff to a judgment if nothing more appeared in the record, may be conceded.

In American Brewing Assn. v. Talbot, 141 Mo. 674, l. c. 681, the court said:

"The petition does not allege any negligence on the part of defendants, but alleges delivery of the goods to the defendants and a failure to deliver on demand. Therefore, when plaintiff showed the delivery of the malt to defendants for storage, under a contract with them for hire, and the failure by defendants to deliver on demand, it made out a prima-facie case of negligence on the part of defendants; but when the defendants showed that the goods were lost or damaged by the act of God, the burden shifted to the plaintiff to establish that the loss or damage was due to the want of the exercise of ordinary diligence and care in taking care of and in failing to remove the malt to a place of safety before the collapse."

Applying this principle to the case at bar, it is necessary that there be enough facts in the record for the jury to find that the defendant was negligent, or that the fire was caused by defendant's negligence. The evidence shows that this warehouse was of concrete with all the walls and ceilings reinforced concrete; that there was no wood about the building except the office and in the elevator. When the plaintiff asked Mr. Richardson, the superintendent, for the property, the record shows the following occurred:

"Q. What did he say to you about it? A. Well, he said he was sorry. I asked him how it happened.

"Q. What did he say? A. He said it was spontaneous combustion."

No objection was made at the time to the answer to this question. however, this evidence was afterwards stricken out.

The case of Levi v. Missouri, Kansas & Texas Ry. Co., 138 S. W. 699, is relied upon by appellant, and we recognize the holding of that case.

Here, however, we have a building of concrete, divided into compartments, the building itself fireproof, no one but the employees having access to the storage rooms and still a fire breaking out. We think under the rule as laid down in Sekavac v. Tenth Street Garage & Sales Company, 265 S. W. 849, the negligence of the plaintiff was a question for the jury and "plaintiff is entitled to the benefit of every legitimate inference which the jury could, as reasonable men, draw from the evidence." [Sekavac v. Tenth Street Garage & Sales Company, supra.] This does not make the defendant an insurer but permits the plaintiff to go to the jury under this evidence.

We think the jury could well find from the facts, that if defendant had not been guilty of negligence, a fire would not have occurred in this compartment. [Corbin v. Gentry, etc., Dyeing Co., 181 Mo. App. 151; Vaughn v. Jackson, 216 S. W. 331.]

The judgment is affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.